**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 16-cr-00054-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. TRAMMEL THOMAS, and
2. MARCELLE GREEN,

    Defendants.

---

**SUPERSEDING INDICTMENT**

Count 1:  18 U.S.C. § 286
Conspiracy to Defraud the Government with Respect to Claims

Counts 2-8:  18 U.S.C. §§ 1341 and 2
Aiding and Abetting Mail Fraud

FORFEITURE ALLEGATION
18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)

---

The Grand Jury charges:

### Count 1
### Conspiracy to Defraud the Government with Respect to Claims

1. At all times relevant to this Superseding Indictment:

    a. The United States Department of Education (the Department) was an agency of the United States government. The Department's responsibilities included overseeing the administration of federal student assistance programs, including financial aid programs designed to assist qualified students with paying for college. These financial aid programs included both grant and loan programs.

    b. In order to qualify as recipients/borrowers for these financial aid

programs, students were required to, among other things, certify that the funds borrowed would be used for authorized educational purposes.

      c.      Students generally began the process of applying for federal financial aid by completing and submitting the Free Application for Federal Student Aid (FAFSA). The FAFSA required identifying information such as a student's name, date of birth, address, Social Security number, telephone number, and e-mail address. After processing, the information from the FAFSA was sent to the schools designated by the applicant.

      d.      Once awarded financial aid, and after a student enrolled at a particular school, financial aid funds were disbursed from the Department to the school in the student's name. Those funds were applied to tuition, fees, and other educational expenses the student owed to the school. Any funds in excess of the amount owed were then "refunded" to the student.

      e.      The Department and community colleges within the State and District of Colorado worked with a company called Higher One to deliver "refunds" of federal financial aid to students. Refund amounts were placed into accounts in the students' names maintained by Higher One. Students accessed these refunds through the accounts and debit cards issued and mailed to them by Higher One.

      f.      The Colorado Community College System (CCCS) included several different schools, such as Pikes Peak Community College, Red Rocks Community College, and Pueblo Community College. CCCS operated a website at www.ccconline.org, sometimes referred to as "Colorado Community Colleges Online," allowing a prospective student to create an online account by entering information such as name, address, e-mail address, telephone number, and Social Security number. A prospective student could then use that information to apply to the various schools in the CCCS. The schools within the CCCS allowed any person who met certain minimum criteria (e.g., having a high school diploma or

GED) to enroll and attend classes.

    g.    After a student enrolled at a particular CCCS school, the student could then use Colorado Community Colleges Online to take various online distance-learning courses offered by that particular school.

    h.    LexisNexis maintained an electronic database called "Accurint," containing personally identifiable information, including Social Security numbers, for individuals throughout the country. To access Accurint, an individual needed a subscription and a username and password.

    i.    Several state departments of corrections maintained publicly accessible inmate locator websites so members of the public could search for individuals held in custody. A person could search using an inmate's name, or a portion thereof. Inmate locator websites also displayed the inmate's date of birth.

2.    Beginning in or about August 2010, and continuing until in or about October 2012, in the State and District of Colorado and elsewhere, Defendants TRAMMEL THOMAS and MARCELLE GREEN, along with co-conspirators Heather Carr and Mercedes Diaz (collectively, "the conspirators"), knowingly agreed, combined, and conspired with each other to defraud an agency of the United States by obtaining and aiding to obtain the payment and allowance of false and fraudulent claims by submitting false claims for federal student aid to the U.S. Department of Education.

3.    The conspiracy was accomplished, in part, through the following manner and means:

    a.    The conspirators obtained names and dates of birth for inmates by searching inmate locator websites. Using the Accurint database, conspirators then obtained the social security number of a particular inmate.

    b.    The conspirators then applied for federal student assistance funds in the names of inmates and using the inmates' social security numbers. The conspirators prepared and submitted FAFSAs that contained materially false

Page | 3

representations about the identity of the person submitting the application, the address of the purported applicant, and the purported applicant's intent to attend college. These false representations supported improper determinations by the Department that the purported applicants were eligible to receive financial aid.

      c.      The conspirators also applied for admission to schools within the CCCS and elsewhere, using the identities of the inmates in whose name they had applied for federal student assistance funds. The applications contained false information regarding the purported applicants' mailing addresses. Instead of listing the purported applicant's actual address at a prison or jail, the applications typically listed an address from which the conspirators could obtain the mail.

      d.      The conspirators convinced other individuals, known and unknown to the Grand Jury, to receive mail in the names of purported students so the conspirators could obtain the mail.

      e.      Higher One accounts were created in the names of the purported applicants after financial aid funds were disbursed to the community colleges in the purported applicants' names. Funds were deposited into these accounts and Higher One debit cards intended for the purported applicants were then mailed to the addresses provided by the conspirators. Through the debit cards and associated Higher One accounts, the conspirators used the funds for their own purposes.

      f.      Often, schools would not release financial aid refunds without some confirmation that the student was attending classes. In such cases, the conspirators would sign into online courses to make it appear as if the purported student was in fact attending courses to obtain financial aid funds meant for that purported student.

4.      During the course of the conspiracy, the conspirators were involved in submitting more than 180 false FASFAs to the Department seeking approximately $1.3

million in federal financial aid funds.  The Department disbursed more than $550,000 as a result of the conspirators' false claims.  Of this amount, more than $415,000 in refunds were deposited in purported students' accounts and on debit cards.  The conspirators shared in these proceeds.

## Counts 2-7
## Aiding and Abetting Mail Fraud
## Trammel Thomas

5.  Paragraphs 1 and 3 (including the subparagraphs) are incorporated herein as if fully set forth.

6.  Beginning in or about August 2010, and continuing until in or about October 2012, the conspirators devised and intended to devise a scheme and artifice to defraud the U.S. Department of Education as set forth in Paragraph 3 above ("the scheme") by obtaining money by means of false and fraudulent pretenses, representations, and promises in connection with applications for federal financial aid.

7.  Between on or about the dates listed below for each count, in the State and District of Colorado, for the purpose of executing the scheme, Defendant TRAMMEL THOMAS knowingly caused and aided and abetted another who knowingly caused to be delivered by United States mail addressed to the purported student at the address listed below, according to the direction thereon, an envelope containing a Higher One debit card:

| Count | Dates | Card Number (Last Four Digits) | Purported Student | Address Where Sent |
|---|---|---|---|---|
| 2 | Feb. 8–22, 2011 | 5158 | I.O. | 3820 Radiant Dr.; Apt. 239; Colorado Springs, CO |

| 3 | Aug. 11 – Oct. 15, 2011 | 2903 | V.J. | 1418 Rushmore Dr. Colorado Springs, CO |
|---|---|---|---|---|
| 4 | Aug. 11 – Oct. 3, 2011 | 8668 | R.P. | 1418 Rushmore Dr. Colorado Springs, CO |
| 5 | Aug. 29–Nov. 9, 2011 | 0165 | E.J. | 1418 Rushmore Dr.; Colorado Springs, CO |
| 6 | June 26–July 7, 2012 | 7111 | D.M. | 1112 Meadow Oaks Dr.; Colorado Springs, CO |
| 7 | July 18–26, 2012 | 6173 | M.A. | 1112 Meadow Oaks Dr.; Colorado Springs, CO |

All in violation of 18 U.S.C. §§ 1341 and 2.

### Count 8
### Aiding and Abetting Mail Fraud
### Marcelle Green

8. On or about August 8, 2012, in the State and District of Colorado, for the purpose of executing the scheme, Defendant MARCELLE GREEN knowingly caused and aided and abetted another who knowingly caused to be delivered by United States mail an envelope containing an acceptance letter from Pikes Peak Community College for purported student D.H., according to the direction thereon, namely to an address under her control, which acceptance letter provided a student identification number for purported student D.H., which number was necessary to obtain federal student aid.

All in violation of 18 U.S.C. §§ 1341 and 2.

## **FORFEITURE ALLEGATION**

9. The allegations contained in Counts 2 through 7 of this Superseding Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

10. Upon conviction of the violations allege in Counts 2 through 7 of this Superseding Indictment involving mail fraud in violation of 18 U.S.C. § 1341, Defendant TRAMMEL THOMAS shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any and all of his right, title and interest in all property constituting and derived from any proceeds he obtained directly and indirectly as a result of such offense, including, but not limited to:

A money judgment in the amount of proceeds obtained by those crimes.

11. If any of the property described in paragraph 10 above, as a result of any act or omission of Defendant TRAMMEL THOMAS:

   a) cannot be located upon the exercise of due diligence;
   b) has been transferred or sold to, or deposited with, a third party;
   c) has been placed beyond the jurisdiction of the Court;
   d) has been substantially diminished in value; or
   e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of Defendant TRAMMEL THOMAS up to the value of the forfeitable property.

12. The allegations contained in Count 8 of this Superseding Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

13. Upon conviction of the violation alleged in Count 8 of this Superseding Indictment involving mail fraud in violation of 18 U.S.C. § 1341, Defendant MARCELLE GREEN shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any and all of her right, title and interest in all property constituting and derived from any proceeds she obtained directly and indirectly as a result of such offense, including, but not limited to:

A money judgment in the amount of proceeds obtained by that crime.

14. If any of the property described in paragraph 13 above, as a result of any act or omission of Defendant MARCELLE GREEN:

    a) cannot be located upon the exercise of due diligence;

    b) has been transferred or sold to, or deposited with, a third party;

    c) has been placed beyond the jurisdiction of the Court;

    d) has been substantially diminished in value; or

    e) has been commingled with other property which cannot be subdivided without difficulty;

Case No. 1:16-cr-00054-WJM   Document 131   filed 04/11/17   USDC Colorado   pg 9 of 9

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of Defendant MARCELLE GREEN up to the value of the forfeitable property.

A TRUE BILL

<u>Ink signature on file in Clerk's Office</u>
**Foreperson**

**Robert C. Troyer**
Acting United States Attorney


s/Martha A. Paluch_____
**Martha A. Paluch**
Assistant U.S. Attorney
1801 California Street, Suite 1600
Denver, CO 80202
Telephone: (303) 454-0100
FAX: (303) 454-0409
E-mail: martha.paluch@usdoj.gov


s/Beth Gibson_____
**Beth Gibson**
Assistant U.S. Attorney
1801 California Street, Suite 1600
Denver, CO 80202
Telephone: (303) 454-0100
FAX: (303) 454-0409
Email: beth.gibson@usdoj.gov