Case No. 1:16-cr-00054-WJM   Document 135-1   filed 04/14/17   USDC Colorado   pg 1 of 15
Case 1:16-cr-00054-WJM   Document 131   Filed 04/14/17   USDC Colorado   Page 1 of 9
Case 2:17-mj-07209-SSB   Document 1   Filed 04/13/17   Page 1 of 9

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 16-cr-00054-WJM

UNITED STATES OF AMERICA,

Plaintiff,

v.

1. TRAMMEL THOMAS, and
2. MARCELLE GREEN,

Defendants.

---

## SUPERSEDING INDICTMENT

Count 1: 18 U.S.C. § 286
Conspiracy to Defraud the Government with Respect to Claims

Counts 2-8: 18 U.S.C. §§ 1341 and 2
Aiding and Abetting Mail Fraud

FORFEITURE ALLEGATION
18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)

---

The Grand Jury charges:

### Count 1
### Conspiracy to Defraud the Government with Respect to Claims

1. At all times relevant to this Superseding Indictment:

    a. The United States Department of Education (the Department) was an agency of the United States government. The Department's responsibilities included overseeing the administration of federal student assistance programs, including financial aid programs designed to assist qualified students with paying for college. These financial aid programs included both grant and loan programs.

    b. In order to qualify as recipients/borrowers for these financial aid

Case No. 1:16-cr-00054-WJM   Document 135-1   filed 04/14/17   USDC Colorado   pg 2 of 15
Case 1:16-cr-00054-WJM Document 131 Filed 04/14/17 USDC Colorado Page 2 of 9
Case 2:17-mj-07209-SSB Document 1 Filed 04/13/17 Page 2 of 10

programs, students were required to, among other things, certify that the funds borrowed would be used for authorized educational purposes.

c. Students generally began the process of applying for federal financial aid by completing and submitting the Free Application for Federal Student Aid (FAFSA). The FAFSA required identifying information such as a student's name, date of birth, address, Social Security number, telephone number, and e-mail address. After processing, the information from the FAFSA was sent to the schools designated by the applicant.

d. Once awarded financial aid, and after a student enrolled at a particular school, financial aid funds were disbursed from the Department to the school in the student's name. Those funds were applied to tuition, fees, and other educational expenses the student owed to the school. Any funds in excess of the amount owed were then "refunded" to the student.

e. The Department and community colleges within the State and District of Colorado worked with a company called Higher One to deliver "refunds" of federal financial aid to students. Refund amounts were placed into accounts in the students' names maintained by Higher One. Students accessed these refunds through the accounts and debit cards issued and mailed to them by Higher One.

f. The Colorado Community College System (CCCS) included several different schools, such as Pikes Peak Community College, Red Rocks Community College, and Pueblo Community College. CCCS operated a website at www.ccconline.org, sometimes referred to as "Colorado Community Colleges Online," allowing a prospective student to create an online account by entering information such as name, address, e-mail address, telephone number, and Social Security number. A prospective student could then use that information to apply to the various schools in the CCCS. The schools within the CCCS allowed any person who met certain minimum criteria (e.g., having a high school diploma or

Page | 2

GED) to enroll and attend classes.

 g. After a student enrolled at a particular CCCS school, the student could then use Colorado Community Colleges Online to take various online distance-learning courses offered by that particular school.

 h. LexisNexis maintained an electronic database called "Accurint," containing personally identifiable information, including Social Security numbers, for individuals throughout the country. To access Accurint, an individual needed a subscription and a username and password.

 i. Several state departments of corrections maintained publicly accessible inmate locator websites so members of the public could search for individuals held in custody. A person could search using an inmate's name, or a portion thereof. Inmate locator websites also displayed the inmate's date of birth.

2. Beginning in or about August 2010, and continuing until in or about October 2012, in the State and District of Colorado and elsewhere, Defendants TRAMMEL THOMAS and MARCELLE GREEN, along with co-conspirators Heather Carr and Mercedes Diaz (collectively, "the conspirators"), knowingly agreed, combined, and conspired with each other to defraud an agency of the United States by obtaining and aiding to obtain the payment and allowance of false and fraudulent claims by submitting false claims for federal student aid to the U.S. Department of Education.

3. The conspiracy was accomplished, in part, through the following manner and means:

 a. The conspirators obtained names and dates of birth for inmates by searching inmate locator websites. Using the Accurint database, conspirators then obtained the social security number of a particular inmate.

 b. The conspirators then applied for federal student assistance funds in the names of inmates and using the inmates' social security numbers. The conspirators prepared and submitted FAFSAs that contained materially false

representations about the identity of the person submitting the application, the address of the purported applicant, and the purported applicant's intent to attend college. These false representations supported improper determinations by the Department that the purported applicants were eligible to receive financial aid.

  c. The conspirators also applied for admission to schools within the CCCS and elsewhere, using the identities of the inmates in whose name they had applied for federal student assistance funds. The applications contained false information regarding the purported applicants' mailing addresses. Instead of listing the purported applicant's actual address at a prison or jail, the applications typically listed an address from which the conspirators could obtain the mail.

  d. The conspirators convinced other individuals, known and unknown to the Grand Jury, to receive mail in the names of purported students so the conspirators could obtain the mail.

  e. Higher One accounts were created in the names of the purported applicants after financial aid funds were disbursed to the community colleges in the purported applicants' names. Funds were deposited into these accounts and Higher One debit cards intended for the purported applicants were then mailed to the addresses provided by the conspirators. Through the debit cards and associated Higher One accounts, the conspirators used the funds for their own purposes.

  f. Often, schools would not release financial aid refunds without some confirmation that the student was attending classes. In such cases, the conspirators would sign into online courses to make it appear as if the purported student was in fact attending courses to obtain financial aid funds meant for that purported student.

4. During the course of the conspiracy, the conspirators were involved in submitting more than 180 false FASFAs to the Department seeking approximately $1.3

million in federal financial aid funds. The Department disbursed more than $550,000 as a result of the conspirators' false claims. Of this amount, more than $415,000 in refunds were deposited in purported students' accounts and on debit cards. The conspirators shared in these proceeds.

### Counts 2-7
### Aiding and Abetting Mail Fraud
### Trammel Thomas

5. Paragraphs 1 and 3 (including the subparagraphs) are incorporated herein as if fully set forth.

6. Beginning in or about August 2010, and continuing until in or about October 2012, the conspirators devised and intended to devise a scheme and artifice to defraud the U.S. Department of Education as set forth in Paragraph 3 above ("the scheme") by obtaining money by means of false and fraudulent pretenses, representations, and promises in connection with applications for federal financial aid.

7. Between on or about the dates listed below for each count, in the State and District of Colorado, for the purpose of executing the scheme, Defendant TRAMMEL THOMAS knowingly caused and aided and abetted another who knowingly caused to be delivered by United States mail addressed to the purported student at the address listed below, according to the direction thereon, an envelope containing a Higher One debit card:

| Count | Dates | Card Number (Last Four Digits) | Purported Student | Address Where Sent |
|---|---|---|---|---|
| 2 | Feb. 8–22, 2011 | 5158 | I.O. | 3820 Radiant Dr.; Apt. 239; Colorado Springs, CO |

| 3 | Aug. 11 – Oct. 15, 2011 | 2903 | V.J. | 1418 Rushmore Dr. Colorado Springs, CO |
|---|---|---|---|---|
| 4 | Aug. 11 – Oct. 3, 2011 | 8668 | R.P. | 1418 Rushmore Dr. Colorado Springs, CO |
| 5 | Aug. 29–Nov. 9, 2011 | 0165 | E.J. | 1418 Rushmore Dr.; Colorado Springs, CO |
| 6 | June 26–July 7, 2012 | 7111 | D.M. | 1112 Meadow Oaks Dr.; Colorado Springs, CO |
| 7 | July 18–26, 2012 | 6173 | M.A. | 1112 Meadow Oaks Dr.; Colorado Springs, CO |

All in violation of 18 U.S.C. §§ 1341 and 2.

### Count 8
### Aiding and Abetting Mail Fraud
### Marcelle Green

8.     On or about August 8, 2012, in the State and District of Colorado, for the purpose of executing the scheme, Defendant MARCELLE GREEN knowingly caused and aided and abetted another who knowingly caused to be delivered by United States mail an envelope containing an acceptance letter from Pikes Peak Community College for purported student D.H., according to the direction thereon, namely to an address under her control, which acceptance letter provided a student identification number for purported student D.H., which number was necessary to obtain federal student aid.

All in violation of 18 U.S.C. §§ 1341 and 2.

## FORFEITURE ALLEGATION

9.  The allegations contained in Counts 2 through 7 of this Superseding Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

10. Upon conviction of the violations allege in Counts 2 through 7 of this Superseding Indictment involving mail fraud in violation of 18 U.S.C. § 1341, Defendant TRAMMEL THOMAS shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any and all of his right, title and interest in all property constituting and derived from any proceeds he obtained directly and indirectly as a result of such offense, including, but not limited to:

A money judgment in the amount of proceeds obtained by those crimes.

11. If any of the property described in paragraph 10 above, as a result of any act or omission of Defendant TRAMMEL THOMAS:

   a) cannot be located upon the exercise of due diligence;
   b) has been transferred or sold to, or deposited with, a third party;
   c) has been placed beyond the jurisdiction of the Court;
   d) has been substantially diminished in value; or
   e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of Defendant TRAMMEL THOMAS up to the value of the forfeitable property.

12. The allegations contained in Count 8 of this Superseding Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

13. Upon conviction of the violation alleged in Count 8 of this Superseding Indictment involving mail fraud in violation of 18 U.S.C. § 1341, Defendant MARCELLE GREEN shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any and all of her right, title and interest in all property constituting and derived from any proceeds she obtained directly and indirectly as a result of such offense, including, but not limited to:

A money judgment in the amount of proceeds obtained by that crime.

14. If any of the property described in paragraph 13 above, as a result of any act or omission of Defendant MARCELLE GREEN:

    a) cannot be located upon the exercise of due diligence;

    b) has been transferred or sold to, or deposited with, a third party;

    c) has been placed beyond the jurisdiction of the Court;

    d) has been substantially diminished in value; or

    e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of Defendant MARCELLE GREEN up to the value of the forfeitable property.

A TRUE BILL

<u>Ink signature on file in Clerk's Office</u>
***Foreperson***

***Robert C. Troyer***
Acting United States Attorney


<u>s/Martha A. Paluch</u>
***Martha A. Paluch***
Assistant U.S. Attorney
1801 California Street, Suite 1600
Denver, CO 80202
Telephone: (303) 454-0100
FAX: (303) 454-0409
E-mail: martha.paluch@usdoj.gov


<u>s/Beth Gibson</u>
***Beth Gibson***
Assistant U.S. Attorney
1801 California Street, Suite 1600
Denver, CO 80202
Telephone: (303) 454-0100
FAX: (303) 454-0409
Email: beth.gibson@usdoj.gov

Case No. 1:16-cr-00054-WJM   Document 135-1   filed 04/14/17   USDC Colorado   pg 10 of 15
Case 2:17-mj-07209-BSB   Document 1   Filed 04/13/17   Page 10 of 10
Case 1:16-cr-00054-WJM   Document 132   Filed 04/11/17   USDC Colorado   Page 1 of 1

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
## for the
### District of Colorado

| | | |
|---|---|---|
| United States of America<br>v.<br><br>MARCELLE GREEN<br><br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>) | 17-7209 MJ<br><br>Case No.  16-cr-00054-WJM |

## ARREST WARRANT

To:     Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*    MARCELLE GREEN                                                                                        ,
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment          ☑ Superseding Indictment     ☐ Information     ☐ Superseding Information   ☐ Complaint
☐ Probation Violation Petition      ☐ Supervised Release Violation Petition     ☐ Violation Notice    ☐ Order of the Court

This offense is briefly described as follows:

18 U.S.C. § 286: Conspiracy to Defraud the Government with Respect to Claims

18 U.S.C. § 1341: Mail Fraud


Date:    04/11/2017

s/ Andreina Garcia Deputy Clerk
*Issuing officer's signature*

City and state:   Denver, Colorado

Jeffrey P. Colwell Clerk of Court
*Printed name and title*

---

**Return**

This warrant was received on *(date)* 4/12/2017, and the person was arrested on *(date)* 4/12/2017
at *(city and state)* Phoenix, AZ

Date: 4/12/2017

Andrea Ennis
*Arresting officer's signature*

SANDRA ENNIS, SPECIAL AGENT
*Printed name and title*

AO 466A (Rev. 12/09) Waiver of Rule 5 & 5.1 Hearings (Complaint or Indictment)

☑ FILED ☐ LODGED
☐ RECEIVED ☐ COPY

# UNITED STATES DISTRICT COURT
for the
District of Arizona

APR 1 3 2017

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

United States of America )
v. ) Case No. 17-7209
Mavelle Green )
_____ ) Charging District's Case No. 16-cr 54-WJM
Defendant )

## WAIVER OF RULE 5 & 5.1 HEARINGS
(Complaint or Indictment)

I understand that I have been charged in another district, the *(name of other court)* Colorado

I have been informed of the charges and of my rights to:

(1) retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2) an identity hearing to determine whether I am the person named in the charges;

(3) production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4) a preliminary hearing within 14 days of my first appearance if I am in custody and 21 days otherwise — unless I am indicted — to determine whether there is probable cause to believe that an offense has been committed;

(5) a hearing on any motion by the government for detention;

(6) request transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

☑ an identity hearing and production of the warrant.

☐ a preliminary hearing.

☐ a detention hearing.

☐ an identity hearing, production of the warrant, and any preliminary or detention hearing to which I may be entitled in this district. I request that those hearings be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date: 4/13/17

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

Jeffrey A Williams
*Printed name of defendant's attorney*

UNITED STATES DISTRICT COURT
ARIZONA – PHOENIX
April 13, 2017

USA v. Marcelle Green                    Case Number: 17-07209MJ-001-PHX-BSB

## ORDER SETTING CONDITIONS OF RELEASE

☒ **PERSONAL RECOGNIZANCE**
☐ **AMOUNT OF BOND** $
   ☐ UNSECURED
   ☐ SECURED BY
**SECURITY TO BE POSTED BY**

**NEXT APPEARANCE**   or as directed through counsel
☐ 401 West Washington St., Phoenix, AZ, Courtroom # , Floor
☐ Goodwin & Cortez, US Post Office Bldg., Prescott, AZ, 2nd Floor

```
✓ FILED      ___ LODGED
___ RECEIVED ___ COPY
     APR 1 3 2017
CLERK U S DISTRICT COURT
   DISTRICT OF ARIZONA
BY_____ DEPUTY
```

**IT IS ORDERED** that defendant is subject to the following conditions and shall:

☒     appear at all proceedings as required and to surrender for service of any sentence imposed.

☒     not commit any federal, state or local crime.

☒     cooperate in the collection of a DNA sample if the collection is authorized by 42 U.S.C. § 14135a.

☒     immediately advise the court, defense counsel and U.S. Attorney in writing of change in address/telephone number.

☒     maintain or actively seek verifiable employment if defendant is physically or medically able and provide proof of such to Pretrial Services.

☒     not travel outside of: Arizona except Defendant may travel directly to the prosecuting district, and through all states and counties in between the District of Arizona and the prosecuting district, for Court purposes and lawyer conferences only unless express PRIOR Court or Pretrial Services permission is granted to do so.

☐     avoid all direct or indirect contact with persons who are considered alleged victim(s), potential witness(es), family members of victim(s)/witness(es), and/or ☐ the custodial parent, except Defendant may communicate with custodial parent solely for visitation purposes with his/her minor child(dren): .

☒     report as directed to the U.S. PRETRIAL SERVICES 1-800-769-7609 or 602-322-7350.

☐     report as directed to the U.S. PROBATION OFFICE 602-322-7400 and abide by all terms of conditions of Supervised Release/Probation.

☐     execute an agreement to forfeit upon failing to appear as required, the bond or designated property: .

☐     Defendant is placed in the third party custody of .

☐     refrain from any use of alcohol and not use or possess any narcotic or other controlled substance defined by 21 U.S.C. 802 unless prescribed for defendant by a licensed medical practitioner in the course of his/her legitimate medical practice. This provision does not permit the use or possession of medicinal marijuana even with a physician's written certification.

☐     participate in drug/alcohol counseling/treatment and submit to drug/alcohol testing, including breathalyzer testing and make copayment toward the cost as directed by U. S. Pretrial Services. The defendant shall not interfere, obstruct or tamper in any way with the administration of any Court ordered substance abuse testing.

| USA v. Marcelle Green | Case Number: 17-07209MJ-001-PHX-BSB |
|---|---|
| **April 13, 2017** | Page 2 of 3 |

- ☐ shall surrender all travel documents to Pretrial Services by _____ and will not obtain a _____ passport or other travel document during the pendency of these proceedings.

- ☐ obtain no passport.

- ☐ not possess or attempt to acquire any firearm, destructive device, or other dangerous weapon or ammunition.

- ☒ maintain weekly contact with Attorney Jeffrey A. Williams by Friday, noon of each week.

- ☐ shall timely pay his/her monthly child support payments as previously ordered by the subject state court in the total amount of $ ___ .

- ☐ The defendant shall actively participate in any mental health treatment program as directed by Pretrial Services. The defendant shall comply with all treatment requirements including taking all medication as prescribed by his/her mental health care provider.

- ☐ shall not access via computer or possess any photographs or videos of sexually explicit conduct as defined by 18 U.S.C. § 2256(2).

- ☐

## ADVICE OF PENALTIES AND SANCTIONS

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not more than ten years if the offense is a felony or a term of imprisonment of not more than one year if the offense is a misdemeanor.  This sentence shall be consecutive to any other term of imprisonment.

Title 18 U.S.C. §1503 makes it a criminal offense punishable by imprisonment for life or by death, or, depending upon the specific provisions of the section not more than twenty years or by not more than ten years, and a $250,000 fine to intimidate a juror or officer of the court; Title 18 U.S.C. §1510 makes it a criminal offense punishable by up to five years imprisonment and a $250,000 fine to obstruct a criminal investigation; Title 18 U.S.C. §1512 makes it a criminal offense punishable by imprisonment for life or by death, or, depending upon the specific provisions of the section by not more than twenty years or by not more than ten years and a $250,000 fine for tampering with a witness, victim or informant; or by intentionally harassing another person and thereby hindering /delaying /preventing or dissuading any person from attending or testifying in an official proceeding or otherwise violating the section is punishable by imprisonment for not more than one year and a $250,000 fine; and 18 U.S.C. §1513 makes it a criminal offense punishable by imprisonment for life or by death, or, depending upon the specific provisions of the section not more than twenty years or by not more than ten years of imprisonment, a fine of $250,000, or both, to retaliate against a witness, victim or informant, or threaten or attempt to do so.

It is a criminal offense under 18 U.S.C. §3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order.  If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction, for:(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;(2) an offense punishable by imprisonment for a term of five years or more, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years or both;(3) any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;(4) a misdemeanor, the defendant shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense.  In addition, a failure to appear may result in the forfeiture of any bail posted.

| USA v. Marcelle Green | Case Number: 17-07209MJ-001-PHX-BSB |
|---|---|
| April 13, 2017 | Page 3 of 3 |

If the person was released for appearance as a material witness, a fine as provided by law or imprisonment (or both) may be imposed for not more than one year.

### ACKNOWLEDGMENT OF DEFENDANT

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

| DATE | SIGNATURE OF DEFENDANT |
|---|---|
| 4/13/17 | *[signature]* |

Custodian agrees to (a) supervise the defendant in accordance with all conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and to notify the court immediately in the event the defendant violates any condition of release or disappears. We, the undersigned, have read and understand the terms of this bond and conditions of release and acknowledge that we are bound by it until duly exonerated.

SIGNATURE OF CUSTODIAN(S)

**Directions to United States Marshal:**

☒ The defendant is ORDERED released after processing.

☐ The United States Marshal is ORDERED to keep the defendant in custody until notified by the clerk or judicial officer that the defendant has posted bond and/or complied with all other conditions of release.

DATE April 13, 2017

*[signature]*
Bridget S. Bade
United States Magistrate Judge

USA, PTS/PROB, USM, DEFT, DEFT ATTY

AO 467 (Rev. 01/09) Order Requiring a Defendant to Appear in the District Where Charges are Pending and Transferring Bail

# UNITED STATES DISTRICT COURT
For the District of Arizona

RECEIVED
US MARSHALS SERVICE
DIST-AZ PHOENIX

2017 APR 13 PM 4:31

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No. 17-07209MJ-001-PHX-BSB |
| | ) | |
| **Marcelle Green** | ) | Charging District: District of Colorado |
| *Defendant* | ) | Charging District's Case No. 1:16-cr-0054-WJM |

## ORDER REQUIRING A DEFENDANT TO APPEAR IN THE DISTRICT WHERE CHARGES ARE PENDING AND TRANSFERRING BAIL

After a hearing in this court, the defendant is released from custody and ordered to appear in the district court where the charges are pending to answer those charges. If the time to appear in that court has not yet been set, the defendant must appear when notified to do so. Otherwise, the time and place to appear in that court are:

| Place: U.S. District Court, District of Colorado 901 19th Street Denver, CO 80294 **MAGISTRATE JUDGE:** Kristin L. Mix | Courtroom No.: A-401 |
|---|---|
| | Date: April 27, 2017 |
| | Time: 10:00 a.m. |

The clerk is ordered to transfer any bail deposited in the registry of this court to the clerk of the court where the charges are pending.

Date: April 13, 2017

*Judge's signature*

Bridget S. Bade, United States Magistrate Judge
*Printed name and title*