IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 16-cr-00054-WJM

UNITED STATES OF AMERICA,

       Plaintiff,

vs.

**4.  MARCELLE GREEN,**

       Defendants.
_____

**UNOPPOSED MOTION TO VACATE CURRENT
DEADLINES AND COURT DATES, AND TO EXCLUDE 90 DAYS
FROM SPEEDY TRIAL ACT CALCULATIONS**
_____

    **COMES NOW** Defendant **MARCELLE GREEN**, by and through her attorney, Jeralyn E. Merritt, and hereby submits the following Unopposed Motion to Vacate Current Deadlines and Court Dates, and to Exclude 90 Days From Speedy Trial Calculations, **AND AS GROUNDS THEREFOR**, states as follows:

    1. AUSA Martha Paluch has advised undersigned counsel that the Government does not object to the relief sought herein.  Daniel Smith, counsel for co-defendant Trammel Thomas, has similarly advised counsel that he does not object to the relief sought herein. Mr. Smith has further advised that he has a similar motion pending. (Doc. 126).

    2.  Ms. Marcelle Green has been consulted on the within motion and concurs in the relief sought herein.

    3. This case was initially indicted on February 9, 2016.  The 29 count Indictment charged three defendants, Heather Carr, Mercedes Diaz and Trammel Thomas, with

Conspiracy to Defraud the Government with Respect to Claims, Mail Fraud, Wire Fraud, and Aggravated Identity Theft. (Doc. 1)

4. Two of the three defendants have pleaded guilty and agreed to cooperate with the Government and testify at trial. (Docs. 94, 115). The third defendant, Trammel Thomas, filed a Notice of Disposition, which he has since sought to withdraw. (Doc. 119).

5. On April 11, 2017, an 8 count Superseding Indictment was returned against Defendants Marcelle Green and Trammel Thomas, the last of the original defendants. Ms. Green is charged with Conspiracy to Defraud the Government with Respect to Claims and one count of aiding and abetting mail fraud. The conspiracy allegedly spanned the time period of August, 2010 to October, 2012.  (Doc. 131).

6. Prior to the return of the Superseding Indictment, the Court granted three requests for the exclusion of time from Speedy Trial Act calculations, amounting to a total of 240 days. (Doc. 45 (90 days), Doc. 55 (60 days) and Doc. 73 (90 days). The Court entered findings that (1) failure to grant a continuance of trial beyond the time prescribed by 18 U.S.C. § 3161(c) would likely result in a miscarriage of justice, within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i) and (iv); and 2) even considering due diligence, failure to grant the motion would deny counsel for Defendant the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv). The Court further found that the ends of justice served by granting the motion outweighed the best interests of the public and Defendant in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(7)(A).

7. Ms. Marcelle Green is on bond and resides in Arizona. The current 70 day Speedy Trial deadline for Ms. Green is July 6, 2017. (Doc 144). If this request for a 90 day exclusion of additional time is granted, her new Speedy trial deadline would be October 4, 2017. (Mr. Trammel Thomas may have a different speedy trial deadline, however, the Court previously ordered that his filing of a Notice of Disposition (Doc. 88, 11/26/16), even if ultimately withdrawn, tolls the Speedy Trial Act deadlines. (Doc.137)).

8. On May 8, 2017, the Court entered a scheduling order as to Ms. Green. (Doc. 146). The Court set the following deadlines and court dates: Pretrial motions are due by June 5, 2017. Responses are due June 15, 2017. A Final Trial Preparation Conference is set for June 26, 2017, at 3:00 p.m. A four day jury trial is scheduled to commence on July 3, 2017.

9. Undersigned counsel was appointed to represent Defendant ten days ago, on April 28, 2017.

10. On May 5, 2017, counsel received a "thumb drive" and two disks containing discovery, along with a printed index of documents provided. The index is 72 pages. According to pleadings filed by co-defendant Trammel Thomas and former co-defendant Heather Carr, the discovery includes more than 33,000 pages, consisting of witness statements, grant applications, bank records, and other related material. (Docs. 44, 54, 126). From undersigned counsel's extremely preliminary and cursory review, there are also more than 400 pages of grand jury documents, and more than 10,000 pages of material recovered from various physical searches, including multiple searches of electronic devices. Many files have attachments, some of which are audio

recordings.

11.  As stated above, Marcelle Green resides in Arizona. This significantly limits the time counsel can spend with her in person to review discovery.  Also, there is a protective order in effect providing that much of the discovery can only be reviewed with Ms. Green in person, due to privacy interests of the subjects of the discovery. The geographic distance adds to the complex process of discovery review and trial preparation.

12.  Additional time is needed to properly review the discovery and prepare for pretrial and trial proceedings. While counsel is in the process of arranging for the services of a private investigator, at this juncture, it is unknown whether additional services of a litigation support expert or financial and forensic experts will be required. Further, until discovery has been reviewed, settlement discussions are premature. In order to properly advise Ms. Green as to her options, and prepare the case for further pretrial proceedings and trial, an additional 90 days should be excluded from the Speedy Trial Act .

**Standard for Continuances**

13.  The Speedy Trial Act, (18 U.S.C. §§ 3161-3174), while providing time limits within which a defendant must be brought to trial, also provides for certain exclusions of time from these limits. 18 U.S.C. § 3161(h)(7) (A) authorizes the Court to exclude any delay for which the ends of justice served by the delay outweigh the best interest of the public and the defendant in a speedy trial.  *United States v. Hill*, 197 F.3d 436, 440-441 (quoting 18 U.S.C. § 3161(h)(7)(A).

14. Among the factors the Court is to consider in determining whether to grant an "ends of justice" continuance are: "[w]hether the failure to grant such a continuance in the proceeding would be likely to ...result in a miscarriage of justice" and whether failure to grant such a continuance "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(i) and (iv).

15. In evaluating a request for an ends of justice continuance, "the record must clearly establish the district court considered the proper factors at the time such a continuance was granted." *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009) (quoting *United States v. Gonzales*, 137 F.3d 1431, 1433 (10th Cir. 1998). The record must contain an explanation for why the occurrence of the event identified by the moving party as necessitating the continuance results in the need for additional time. *Toombs,* at 1271.

16. In the context of addressing trial continuances, the Tenth Circuit has set forth four factors that the Court should consider. United States v. West, 828 F.2d 1468, 1470 (10th Cir. 1987); *United States v. Rivera*, 900 F.2d 1462, 1475 (10th Cir. 1990). These factors include: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance. No single factor is determinative.

5

17. This request meets the criteria set forth in both 18 U.S.C. § 3161(h)(7) and *United States v. West* and *United States v. Rivera, supra*. First, counsel has been diligent in her representation. She was appointed to represent Ms. Green ten days ago. Discovery was received three days ago, on Friday, May 5, 2017. Over the past weekend, counsel has spent many hours reviewing several hundreds of pages of discovery highlighted by the Government in discussions with counsel. She has arranged for the services of a private investigator. She has provided pertinent documents to her client. She has reviewed all pertinent case filings on PACER since the case initiation in February, 2016. She has had several substantive communications with Government counsel regarding the discovery.

18. Second, the continuance, if granted, will accomplish the purpose underlying the request for a continuance. The defense requests a continuance so that counsel will have sufficient time to review discovery, investigate the case, research potential defenses to the charges, develop a case strategy, assess any settlement offers, determine whether services of forensic or financial expert witnesses are required, consult with her client and prepare for trial. The defense requests an additional 90 days be excluded to accomplish these tasks.

19. Third, the inconvenience to the opposing party, the Court and witnesses will be minimal. Undersigned counsel has conferred with counsel for the government and counsel for the remaining co-defendant and neither opposes this motion. The Court's scheduling Order was entered today, May 8, 2017. No witnesses have been subpoenaed. Ms. Green submits that additional time for effective review of the discovery, for decisions

regarding her options, as well as for trial preparation, is essential to provide effective assistance of counsel and avoid a miscarriage of justice, and that these needs outweigh any inconvenience to the Court and opposing counsel, as well as the public interest in a speedy trial.

20. Fourth, the need for a continuance, and the harm that Ms. Green will suffer her request is denied, is great. The Tenth Circuit recognizes that this fourth factor is by far the most important. *Rivera*, *supra*, 900 F.2d at 1476. Ms. Green's addition to this pending case less than a month ago, and the sheer volume of discovery, consisting of more than 33,000 pages received in the past three days, renders a continuance imperative. Counsel cannot effectively prepare a defense to the pending charges, file and litigate pretrial motions, conduct informed settlement negotiations and try the case within the current time constraints.

21. This request satisfies the requirements of 18 U.S.C. § 3161(h)(7) (A) in that failure to grant the requested 90 day exclusion of time would deny counsel for the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, and likely result in a miscarriage of justice, within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i) and (iv).

22. Ms. Green respectfully requests that this Court, after consideration of the factors in 18 U.S.C. § 3161(h)(7)(B) (i)-(iv), and relevant case law, including the principles and holdings in *Bloate v. United States*, 559 U.S. 196 (2010)*; United States v. Larson*, 627 F.3d 1198 (10th Cir. 2010); *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009); and *United States v. Williams*, 511 F.3d 1044 (10th Cir. 2007)*,* and based

upon the record as a whole, enter findings that it would be unreasonable to expect adequate preparation by the defense, despite due diligence, for pretrial or trial proceedings within the time initially allowed under 18 U.S.C.§ 3161(c). She asks the Court to vacate all current filing deadlines and court dates, and exclude 90 days from Speedy Trial Act calculations, up to and including October 4, 2017, in order to allow adequate time for counsel to review and analyze the discovery, consult with her investigator, research and draft pretrial motions, determine whether forensic expertise is needed, conduct any appropriate settlement negotiations, and prepare for trial.

23. Ms. Green further requests the Court to vacate the pretrial motions deadline of June 5, 2017, motions response deadline of June 15, 2017, the Final Trial Preparation Conference set for June 26, 2017, as well as the 4 day jury trial set to commence on July 3, 2017, and to enter a subsequent order resetting these deadlines and events.

24. Counsel has explained to Ms. Green her right to a speedy trial. Being fully informed, Ms. Green has advised counsel she concurs in the relief sought herein. In the event the Court schedules a hearing on this motion, Ms. Green requests at least seven days notice so that she may timely submit a motion to waive her appearance or, alternatively, allow her to appear by telephone.

**WHEREFORE**, Ms. Green requests that this Court enter an Order vacating the current filing deadlines, Final Trial Preparation Conference and Trial Date, and excluding an additional 90 days from Speedy Trial Act Limits and for such other and further relief as outlined herein and to the Court seems just and proper in the premises.

Respectfully Submitted,

s/ Jeralyn E. Merritt

Jeralyn E. Merritt, Esq.
600 17th Street, Suite 2800-South
Denver, Colorado 80202
(303) 837-1837 (Phone)
(720) 904-9197(Fax)
Jeralynm@gmail.com (e-mail)
Attorney for Marcelle Green

**CERTIFICATE OF SERVICE**

I hereby certify on May 8, 2017, I electronically filed the foregoing **Motion** with the Clerk of Court using the CM/ECF system which will send notification of such filing to:

AUSA Martha A. Paluch, martha.paluch@usdoj.gov
AUSA Beth Gibson, beth.gibson@usdoj.gov
Daniel Smith, Esq. danieltsmith@qwestoffice.net

and all other counsel of record.

I further certify that on May 8, 2017, I served a true and correct copy of the above motion on Marcelle Green by U.S. mail, postage prepaid, addressed to her at her residence in Phoenix, Arizona. I have also provided her with a copy of the above motion electronically, through a secure case management program.

s/ Jeralyn E. Merritt