IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 16-cr-00054-WJM-04

UNITED STATES OF AMERICA,

Plaintiff,

v.

**4. MARCELLE GREEN,**

Defendant.

---

**OBJECTIONS TO PRESENTENCE REPORT**

---

**COMES NOW** Defendant **Marcelle Green**, by and through her attorney, Jeralyn E. Merritt, and hereby submits the following Objections to the Presentence Report (Doc. 244, filed 12/15/17). [1]

1. Page 15, ¶ 39 (**Specific Offense Characteristics), ¶** 41 **(Victim Related Adjustment**) and ¶ 42. (**Victim Related Adjustment):**

Ms. Green objects to an addition of six levels as opposed to four levels as double-counting, overlapping and redundant. Paragraph 39 states:

> **Specific Offense Characteristics:** In accordance with §2B1.1(b)(2)(A)(i), there is a 2-level increase because the offense involved more than 10 victims.

---

[1] The Presentence Report was filed and received on December 15, 2017. While the Report's cover letter states that pursuant to Fed. R. Crim.P. Rule 32, objections are due December 28, 2017, the actual due date pursuant to Rule 32 is December 29, 2017. Counsel has consulted both Probation Officer Roberts and AUSA Martha Paluch on the issue of the due date for Objections. Both have advised they do not object to Ms. Green filing her Objections on December 29, 2017 as opposed to December 28, 2017.

Paragraph 41 states:

> **Victim Related Adjustment:** Under USSG §3A1.1(b)(1), two points were added for a large number of vulnerable victims.

Paragraph 42 states:

> **Victim Related Adjustment:** Because USSG §3A1.1(b)(1) applies, and the offense involved a large number of vulnerable victims (184 different victims), two additional levels are added. USSG §3A1.1(b)(2).

The Application Notes to USSG §3A1.1 (Hate Crime Motivation or Vulnerable Victim) state:

> Do not apply subsection (b) if the factor that makes the person a vulnerable victim is incorporated in the offense guideline.

In the instant case, the Presentence Report adds two points as a Special Offense characteristic under §2B1.1(b)(2)(A)(i) because there were more than 10 victims; two points under USSG §3A1.1(b)(1) because there was a vulnerable victim; and two points under USSG §3A1.1(b)(2) because there was a large number of vulnerable victims. Ms. Green submits that the number of vulnerable victims should not be counted both as a specific offense characteristic and a victim related adjustment.

Further, Ms. Green notes that the Government states in her Plea Agreement that two points should not be added under §2B1.1(b)(2)(A)(i) for more than ten victims (and the defendant knew or should have known the victim of the offense was a vulnerable victim) as it did not seek such an increase for co-defendants Carr or Diaz. (Doc. 178 at 11, FN 1).

2. Page 10, ¶ 49: **(Total Offense Level)**

Ms. Green submits if her Specific Offense/Victim Related levels are reduced by two levels as set forth above, her Total Offense Level is 21 rather than 23.

3. Page 16, ¶ 80 **(Employment Record)**

With respect to the statement by her former employer, Alpha Connect, Ms. Green denies she did “abandoned” her job and states she provided the employer with two weeks’ notice.

4. Page 18, ¶ 90 **(Sentencing Options, Custody)**

The Presentence Report states that based upon a total offense level of 23 and a criminal history category of III, the guideline imprisonment range is 57 months to 71 months. Ms. Green respectfully submits that for the reasons stated in Paragraph 1 above, her total offense level is 21. With a criminal history category of III, the guideline imprisonment range is 46 to 57 months.

5. Pages R-1, R-2 and R-3: **(Restitution and Payment of Monetary Obligations)**

The Presentence Report recommends that the Court order Ms. Green’s restitution to be due in full immediately. From Page R-2:

> Having assessed the defendant’s ability to pay, it is recommended that the Court order that payment of the monetary obligations shall be due as follows:
>
> The special assessment and restitution/fine obligation are due immediately. Any unpaid monetary obligations upon release from incarceration shall be paid in monthly installment payments during the term of supervised release. The monthly installment payment will be calculated as at least 10 percent of the defendant’s gross monthly income.

Ms. Green requests the Court order her restitution obligation commence upon her release from custody, and that she be ordered to pay no more than 10% of gross monthly income in monthly installments as they accrue.

Ms. Green is situated differently from her co-defendants in that the forfeiture allegation against Ms. Green is being dismissed and no forfeiture money judgment will be entered against her at sentencing.

18 U.S.C. § 3663A, Mandatory Restitution, states in pertinent part:

> (d) An order of restitution under this section shall be issued and enforced in accordance with section 3664.

18 U.S.C. § 3664 (f)(1)(A) states:

> In each order of restitution, the court shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant.

18 U.S.C. § 3664 (f)(2) states:

> Upon determination of the amount of restitution owed to each victim, the court shall, pursuant to section 3572, specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid, in consideration of—
>
> (A) the financial resources and other assets of the defendant, including whether any of these assets are jointly controlled;
> (B) projected earnings and other income of the defendant; and
> (C) any financial obligations of the defendant; including obligations to dependents

18 U.S.C. § 3664 (f) (3) provides:

> (A) A restitution order may direct the defendant to make a single, lump-sum payment, partial payments at specified intervals, in-kind payments, or a combination of payments at specified intervals and in-kind payments.

> (B) A restitution order may direct the defendant to make nominal periodic payments if the court finds from facts on the record that the economic circumstances of the defendant do not allow the payment of any amount of a restitution order, and do not allow for the payment of the full amount of a restitution order in the foreseeable future under any reasonable schedule of payments.

18 U.S.C. § 3664 (h) states:

> If the court finds that more than 1 defendant has contributed to the loss of a victim, the court may make each defendant liable for payment of the full amount of restitution *or may apportion liability among the defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant*. (Emphasis Supplied).

In *United States v. Ahidley*, 486 F.3d 1184, 1191 (10th Cir. 2007), the Tenth Circuit stated:

> The MVRA outlines the procedure for issuing and enforcing restitution orders and provides that the district court "shall . . . specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid." 18 U.S.C. § 3664(f)(2). "The court is granted considerable discretion in structuring a payment schedule." *Overholt*, 307 F.3d at 1255. The statute provides:
>
> > A restitution order may direct the defendant to make a single, lump-sum payment, partial payments at specified intervals, in-kind payments, or a combination of payments at specified intervals and in-kind payments.
>
> 18 U.S.C. § 3664(f)(3)(A). Furthermore, when the court finds from the evidence that the defendant's "economic circumstances" do not permit him (a) to pay currently any amount of a restitution order, and (b) to pay "the full amount of a restitution order in the foreseeable future under any reasonable schedule of payments," it may enter an order "direct[ing] the defendant to make nominal periodic payments." *Id.* § 3664(f)(3)(B).

In *United States v. Martinez*, 812 F.3d 1200, 1205-06 (10th Cir. 2015), the Tenth

Circuit, citing its opinion in *Ahidley*, stated:

> Under 18 U.S.C. §§ 3664 and 3572, the district court must consider the defendant's financial condition before deciding how restitution is to be paid. *See* 18 U.S.C. § 3664(f)(2) (2012) (requiring the district court to specify the manner and the schedule of restitution payments "in consideration of" the defendant's financial condition). For example, the court must consider the defendant's financial resources, projected earnings, and financial obligations. *Id.* § 3664(f)(2)(A)-(C). Until [*1206] these financial considerations are considered, the court cannot specify "the manner in which, and the schedule according to which, the restitution is to be paid." *Id.* § 3664(f)(2). Indeed, we have held that a court commits plain error when failing to properly consider a defendant's financial condition before issuing a restitution order. *United States v. Ahidley*, 486 F.3d 1184, 1191-92 (10th Cir. 2007).

The Tenth Circuit in *Martinez* further held (Id., at 1202):

> By statute, it is the district court—not the government—that determines how a defendant is to pay restitution. *See id.* § 3664(f)(2) ("[T]he *court* shall . . . specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid . . . ." (emphasis added)). Thus, the government can enforce only what the district court has ordered the defendant to pay. *See Enforce, Black's Law Dictionary* 645 (10th ed. 2014) (defining "enforce" primarily as "[t]o give force or effect to [a law]; to compel obedience to [a law]").

The Presentence Report correctly concludes Ms. Green does not have the ability to pay a fine. Indeed, Ms. Green points out that her economic circumstances are such that even given a lifetime, she is unlikely to make a dent in the amount of restitution owed. If the Court were to order restitution due and payable immediately, the Government could seek to enforce the full amount of the judgment**.** *United States v. Martinez*, *Id.*, 812 F.3d at 1202; 18 USCS § 3664. This would be contrary to the Court's intent in ordering her to pay restitution in monthly installments of a limited amount.

In *United States v. Williams*, 2017 U.S. Dist. LEXIS 161806; 2017 WL 4415658

(W.D. OK, 2017), the trial court sentenced the defendant to 30 months imprisonment and ordered a large amount of restitution due and payable immediately. The Court also ordered that if payment was not made immediately, the defendant must make payments in the amount of 10% of his quarterly earnings during the term of imprisonment. It further ordered that if restitution was not paid in full at the time of his release from confinement, while on supervised release and thereafter, he must make payments in the amount of $100 per month or not less than 10% of his gross income, whichever is greater, as directed by his probation officer.

Two months after sentencing, the Government served a writ of garnishment on defendant Williams. Williams objected, arguing that under the Court's sentencing order, he was not yet required to make payments and allowing the garnishment would force him to pay a debt that was not yet due.

In upholding the Government's writ of garnishment, the District Court stated that that an order of restitution can be enforced in the same way as a lien or civil judgment in favor of the Government. 18 U.S.C. § 3613(a), (c), (f); 18 U.S.C. § 3664(m)(1)(A)(i).

But quoting the Tenth Circuit in *United States v. Martinez*, *supra*, 812 F.3d at 1202 (10th Cir. 2015) the Court in *Williams* also stated:

> However, "the Government can enforce only what the district court has ordered the defendant to pay." *Id.* Thus, whether the government's application for post-judgment writ of garnishment should be granted depends on the specific language of this Court's judgment.

2017 U.S. Dist. LEXIS 161806 at *1-2.

The Court further explained:

> In this case, the Court specifically ordered that the restitution was due immediately. Further, the Court set a payment schedule if the restitution was not paid in full. Because the Court ordered that the restitution was due immediately, the Court finds that the total amount of restitution is currently due and that the government can enforce the restitution order by way of the instant application for postjudgment writ of garnishment. *See United States v. Behrens*, 656 F. App'x 789, 790 (8th Cir. 2016) (finding payment schedule set forth in judgment did not preclude garnishment because judgment specified that amount owed was due in full on date of judgment); *United States v. Shusterman*, 331 F. App'x 994, 996-97 (3d Cir. 2009) (finding district court did not err in allowing garnishment as additional means to collect restitution judgment when judgment provided that restitution is due immediately and that if entire restitution is not paid in full, defendant shall pay monthly installments) [2]
>
> [2] Both Williams and the Magistrate Judge relied on the Tenth Circuit's decision in *Martinez*. However, *Martinez* is factually distinguishable from the instant case. In *Martinez*, the restitution order only required the defendant to make monthly installments and did not order that full restitution was due immediately.
>
> Id., 2017 U.S. Dist. LEXIS 161806 at *2-3.

Indeed, as the Tenth Circuit held in *United States v. Martinez, supra* at 1202-1203:

> The restitution order required Mr. Martinez only to comply with the payment schedule; the order did not create an immediately enforceable debt of the full restitution amount.
>
> The restitution order required Mr. Martinez to do two things. First, he had to pay a total amount of about $2.7 million. Second, he had to pay monthly installments. In light of these requirements, we must determine whether Mr. Martinez
>
> • owed the full amount immediately or
> • owed only the installment payments until the entire amount was fully paid.
>
> To determine whether the full amount was due immediately, we must examine the restitution order and the statutory scheme governing the district court's issuance of that order. The order and the statutory scheme

> lead us to conclude that Mr. Martinez was to remain current with his installment payments, but had no obligation to immediately pay the full amount.
>
> A. The district court's restitution order required Mr. Martinez only to pay monthly installments of 25% of his net disposable income.
>
> In two ways, the district court ordered Mr. Martinez only to make installment payments rather than to immediately pay the total restitution amount. First, the installment schedule called for monthly payments based on a percentage of Mr. Martinez's disposable income. Second, the district court specifically declined to order immediate payment of the entire amount. In light of these actions, we conclude that the district court required only compliance with the payment schedule and did not make the full restitution amount due immediately.

If the Court were to follow the recommendation of the Presentence Report and order the full amount of restitution due and payable immediately, the Government could seek to enforce the restitution order at will, regardless of whether Ms. Green was in compliance with her monthly payment obligations. This would be unfair and contrary to the Court's intent in ordering monthly payments.

Due to Ms. Green's dire current financial circumstances and obligations; the need to support herself, assist her children, break the cycle of indebtedness she has found herself in while raising three children on her own; and to afford her a fighting chance at starting fresh, having a chance to succeed, and steering clear of even the temptation to resort to criminal activity to make ends meet, she requests the Court not to order that the full amount of restitution be due and payable immediately, but rather, that the Court order that restitution be due in monthly installments as they accrue after her release from custody, in a schedule to be set by her probation officer, not to exceed $100 per month

or 10% of her gross monthly income, whichever is greater.

Ms. Green further objects to the Presentence Report's recommendation at page R-3 that the entire amount of restitution be jointly and severally shared with her codefendants in equal amounts. The Plea Agreement does not state an amount of restitution the Court must order. It only states restitution shall not exceed $562, 487.85. Considering her minor role in the offense, her testimony under oath that she received only $25,000.00 of the proceeds of the unlawful scheme, and her dire financial circumstances and obligations, she requests the Court order her to pay a significantly lesser amount of restitution than her codefendants.

6. Page R-3: Community Service

Ms. Green objects to the recommendation of the Presentence Report that the Court order her to perform 120 hours of restitution.

The collateral consequences of Ms. Green's conviction will be harsh. Restitution will follow her forever. She will be barred from receiving various federal benefits. She is likely to face difficulty obtaining housing and a job upon her release from custody. She will miss the high school graduations of her two youngest sons. Her term of incarceration will be fraught with anxiety over whether her sons will be adequately cared for and whether they will stay in school. Under any measure, such punishment is sufficient to accomplish the purposes of sentencing. She respectfully submits that a requirement of community service is unduly harsh and would render her sentence greater than necessary to accomplish the purposes of sentencing.

Dated: December 29, 2017.

Respectfully submitted,

s/ Jeralyn E. Merritt
Jeralyn E. Merritt, Esq.
600 17th St Suite 2800-S
Denver, CO 80202
Telephone: (303) 837-1837
Fax: (720) 904-9197
Email: jeralynm@gmail.com
Attorney for Marcelle Green

**CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify that on December 29, 2017, I electronically filed the foregoing **Motion** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

AUSA Martha Paluch, martha.paluch@usdoj.gov
AUSA Bryan Fields, bryan.fields3@usdoj.gov

and to all other counsel of record.

s/ Jeralyn E. Merritt
Jeralyn E. Merritt