IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.  16-cr-00054-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

4.    MARCELLE GREEN,

    Defendant.

---

### GOVERNMENT'S OBJECTION TO THE PRESENTENCE REPORT (ECF 244)

---

    The United States of America, by and through Martha A. Paluch, Assistant United States Attorney, hereby files this Objection to the Presentence Report (PSR), ECF 244.[1]

**1. Minor Role Reduction**

In the plea agreement, the parties noted their disagreement over whether the defendant should receive a two-level reduction in her offense level for a mitigating role pursuant to § 3B1.2.  ECF 178 at 11, ¶ E.  The probation office determined that this adjustment was warranted, however, there is no discussion in the report as to why the defendant's conduct in this case entitles her to such a reduction.[2]  The PSR notes that the probation officer met with the case agent on November 16, 2016.  ECF 244 at 5,

---

[1] The due date for objections was December 29, 2017.  *See* ECF 263 at n.1.  Undersigned counsel contacted both Probation Officer Roberts and Defense Counsel Jeralyn Merritt and neither objects to this pleading being filed one business day late.

[2] At the time co-conspirator Mercedes Diaz pled guilty, the information in the government's possession supported a two-level reduction to her offense level for minor role pursuant to § 3B1.2.

1

¶ 14. That meeting occurred prior to the debriefs of co-defendants and the return of the Superseding Indictment on April 11, 2017, in which the defendant was charged.  ECF 131.

The defendant's plea agreement, ECF 178, and her testimony at co-defendant Tramell Thomas's trial, established the extent of her involvement in this scheme.  The defendant looked up inmates on department of corrections' websites and provided those inmate names to Carr.  Carr then obtained these inmates' social security numbers through her access to the Accurint database.  The defendant, Carr, Thomas, and Diaz used this information to fill out FAFSAs, school applications, and loan documents in order to receive federal student aid.  The defendant, along with her coconspirators, provided addresses for receipt of the debit cards and completed homework assignments in order to receive the funds   The defendant withdrew funds from cards that were mailed to addresses under her control, and withdrew funds from cards mailed to Carr's address and received a portion of funds from both sets of cards for her efforts.  In sum, with the exception of obtaining the social security numbers, this defendant participated in every aspect of the scheme.

The defendant testified at Thomas's trial that the majority of the fraud proceeds went to Carr, and that the defendant's understanding was that Carr shared these proceeds with Thomas since they were living together.  While the "degree to which the defendant stood to benefit from the criminal activity" is one factor to consider in determining whether a minor role reduction is warranted, § 3B1.2 App. N. 3(C)(v), it is not the dispositive factor.  Instead, such a reduction is only afforded to a defendant who is "substantially less culpable than the average participant."  § 3B1.2 App. N. 3(A).  This

determination is "heavily dependent upon the facts of the particular case" and this Court is "not required to find, based solely on the defendant's bare assertion, that such a role adjustment is warranted." *United States v. Martinez,* 512 F.3d 1268, 1275 (10th Cir. 2008) (citing § 3B1.2 App. N. 3(C)).

The fact that the defendant claims to have made less money than Carr and Thomas in this conspiracy does not in and of itself "demonstrate that [she] played a minor role in the conspiracy.  That fact establishes only that [the defendant's] participation in the conspiracy was not lucrative; it does not speak to [the defendant's] level of culpability." *United States v. Jalaram, Inc.,* 599 F.3d 347, 356 (4th Cir. 2010).

Based upon the extent of the defendant's involvement in virtually every aspect of this scheme, as established by her admissions in her plea agreement and her trial testimony, the government submits that there is no basis to reduce her offense level by two levels for minor role participant pursuant to § 3B1.2.[3]

---

[3] While this is the government's only objection to the calculations contained in the PSR, it notes that on Page 2, ¶ 2, the loss amount is listed as $563,074.85.  Later in the report, the correct amount for this defendant of $562,487.85 is listed.  *Id.* at 8, ¶ 31.  At Thomas's trial, the government proved a loss amount of $563,890.85.  *See* ECF 262 at 1.  An additional $1,403 due to the Department of Education was discovered prior to trial.  A revised summary of the amounts due to each entity will be provided to the Court, counsel, and the probation office prior to Thomas's sentencing hearing.  However, with respect to this defendant, the correct amount of restitution due and owing is that contained in her plea agreement – the $562,487.85 amount.

Respectfully submitted,

*s/ Martha A. Paluch*
Martha A. Paluch
Assistant U.S. Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, CO  80202
(303) 454-0100
Martha.paluch@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on this 2nd day of January, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system that will send notification of such filing to all counsel of record in this case.

s/ *Martha A. Paluch*
MARTHA A. PALUCH
Assistant United States Attorney
1801 California Street, Suite 1600
Denver, CO 80202
Telephone 303-454-0100
Facsimile 303-454-0402
martha.paluch@usdoj.gov

4