IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 16-cr-00054-WJM-04

UNITED STATES OF AMERICA,

    Plaintiff,

v.

4. MARCELLE GREEN,

    Defendant.

---

**GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTIONS
TO PRESENTENCE REPORT, ECF 263**

---

The United States of America, by and through Martha A. Paluch, and Bryan D. Fields, Assistant United States Attorneys, hereby responds to Defendant Marcelle Green's Objections to Presentence Report (PSR), ECF 263.

**1. Victim-Related Enhancement Pursuant to U.S.S.G. § 2B1.1(b)(2)(A)(i)**

The probation department properly increased the defendant's offense level by four levels due to the large number of vulnerable victims impacted by this fraud scheme. ECF 244 at ¶¶ 41 and 42 (citing U.S.S.G. § 3A1.1(b)(1) and (b)(2)). The parties contemplated this four-level increase in the plea agreement. ECF 178 at 11, ¶ D. The probation office also assessed another two levels due to the fact the offense involved more than 10 victims, pursuant to § 2B1.1(b)(2)(A)(i). ECF 244 at 9, ¶ 39.

In her objection, the defendant properly notes that because this two-level enhancement was not included in co-defendant Mercedes Diaz or Heather Carr's plea

1

agreements, the government did not seek this enhancement in the defendant's plea agreement.  ECF 263 at 2 (citing ECF 178 at 11, n.1).  The government stands by that agreement and will not seek or advocate for these additional two levels at sentencing.  Under the government's calculations, the defendant's adjusted offense level is 23.  ECF 178 at 11-12.[1]

### 2. Restitution and Payment of Monetary Obligations

The defendant also objects to the recommendation that the Court order that her restitution obligation be due immediately.  In support, she states that her current economic circumstances will prevent her from making a "dent in the amount of restitution owed."  ECF 263 at 6.  Thus, if the Court makes restitution due and payable immediately, the government could seek to enforce the full amount of restitution.  *Id.*  However, the defendant's objection fails to factor in the victim's losses and the payment plan's tie to her income.

As the defendant correctly cites, 18 U.S.C. § 3664(f)(1)(A), mandates that a court enter restitution without consideration of the economic circumstances of the defendant.  In order to make a victim whole, the amount of restitution ordered is governed by the victim's losses, and not the economic circumstances of the defendant. Only when the court imposes the manner in which restitution is to be paid, are the defendant's economic circumstances factored in.  *See* 18 U.S.C. § 3664(f)(2).

The PSR recommends, first, that the full amount of restitution be due immediately, and, second, that any unpaid monetary obligation be paid in monthly

---

[1] The government filed an objection to the probation office's finding that the defendant is entitled to a two-level reduction for minor role participant.  ECF 266.

installments of at least 10% of the defendant's gross monthly income. ECF 244 at R-2. This recommendation takes into account the need to protect the victims' rights, as well as the economic circumstances of the defendant. If the defendant has no income, then the defendant is deemed current on the payment plan even if she is paying nothing toward the restitution obligation, and in turn, to her victims.

In support of her argument, the defendant relies upon *United States v. Martinez*, 812 F.3d 1200 (10th Cir. 2015). *Martinez* holds that the government may only enforce the restitution obligation according to the court's order. In that case, the court ordered that the defendant was to pay 25% percent of his income towards restitution. *Id.* at 1203. After the United States attempted to garnish the defendant's retirement accounts, the defendant appealed arguing that any additional amounts above the 25% payment plan could not be garnished. *Id.* at 1202. The Tenth Circuit agreed that the government could only enforce what the district court had ordered, and the court had not entered the full amount due immediately. Thus, there was no immediately enforceable debt for the full restitution amount. Without the immediately enforceable debt, the significant retirement funds remained the defendant's, despite the defendant "owing relatively little through the court-ordered payment schedule" due to his inability to obtain steady employment. *Id.* at 1201.

Here, the defendant's objection would only prevent the victims of her crime from obtaining funds in excess of the payment plan that the defendant could potentially obtain in the future. Understandably, courts are imposing the restitution obligations due immediately with corresponding payments plans in line with the *Martinez* decision. *See, e.g., United States v. Behrens,* 656 F. App'x 789, 790 (8th Cir. 2016); *United States v.*

3

*Williams*, No. CR-15-196-M, 2017 WL 4415658, at *1 (W.D. Okla. Oct. 2, 2017). Further, the recommended payment plan does take into account the economic circumstances of the defendant, because if her restitution obligation remains outstanding, the payment plan amount is contingent on the amount of income she receives. Here, the recommendation balances the need to recover full restitution for the benefit of the victims of the defendant's crimes now and in the future, while simultaneously setting a payment plan corresponding to the defendant's income.[2]

Lastly, the defendant requests that restitution not be imposed jointly and severally with her co-conspirators. The defendant pleaded guilty to Count 1 of the Superseding Indictment, Conspiracy to Defraud the Government with Respect to Claims, in violation of 18 U.S.C. § 286. In her plea agreement, the defendant admitted her joint participation in a conspiracy that involved the submission of false FAFSA applications using more than 150 inmates' names, birth dates, and social security numbers. She further agreed that $562,487.85 was disbursed by the Department of Education and agreed that all conspirators shared in the $418,672.05 in funds received. ECF 178 at 9-10. Although the Court may apportion the losses amongst defendants, the full amount of loss must be ordered. 18 U.S.C. §§ 3664(f)(1)(A), 3664(h). The defendant's obligation should be joint and several with all of her co-defendants. The defendant pleaded guilty to the conspiracy, she was a joint participant in all aspects of the conspiracy, and shared in the proceeds of that conspiracy.

---

[2] The defendant also places emphasis on the government's alleged ability to enforce a restitution obligation "at will." ECF 263 at 9. This is incorrect. Any enforcement action is governed by statute and has specific exemptions. *See* 18 U.S.C. § 3613(a). In addition, actions to recover from the defendant are filed with the Court.

4

### 3. Community Service

The defendant next objects to the probation office's recommendation that she complete 120 hours of community service upon the completion of her sentence. ECF 263 at 10. The defendant cites to the consequences she will suffer as a result of her conviction and imprisonment, and asserts that the addition of the community service requirement is unduly harsh. *Id.*

Given that Heather Carr was not ordered to complete community service upon completion of her prison sentence, and that such condition is not proposed in Mercedes Diaz's presentence report, ECF 241, the government does not object to the deletion of this proposed special condition of the defendant's supervised release.

> Respectfully submitted,
>
> *s/ Martha A. Paluch*
> Martha A. Paluch
> Bryan D. Fields
> Assistant U.S. Attorneys
> United States Attorney's Office
> 1801 California Street, Suite 1600
> Denver, CO  80202
> (303) 454-0100
> Martha.paluch@usdoj.gov
> Bryan.fields3@usdoj.gov

## **CERTIFICATE OF SERVICE**

   I certify that on this 5th day of January, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

                s/ *Martha A. Paluch*
                MARTHA A. PALUCH
                BRYAN DAVID FIELDS
                Assistant United States Attorneys
                1801 California Street, Suite 1600
                Denver, CO 80202
                Telephone 303-454-0100
                Facsimile 303-454-0402
                martha.paluch@usdoj.gov
                bryan.fields3@usdoj.gov