IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 16-cr-0054-WJM

UNITED STATES OF AMERICA,

Plaintiff,

vs.

4. **MARCELLE GREEN,**

Defendant.
_____

**UNOPPOSED MOTION FOR DOWNWARD DEPARTURE FROM SENTENCING
GUIDELINES PURSUANT TO USSC § 4A1.3 (b)**
_____

**COMES NOW** Defendant **Marcelle Green** by and through counsel, Jeralyn E.
Merritt, and pursuant to D.C.COLO.LCrR 32.1(c) and  USSC § 4A1.3 (b), hereby moves
the Court to depart from the applicable advisory sentencing guideline range as calculated
by the Probation Department in the addendum to the initial presentence report and the
revised presentence report (Docs. 288, 289, filed 1/9/18) by one criminal history category
level on grounds that a criminal history category of IV substantially over-represents the
seriousness of Ms. Green's overall criminal history or the likelihood that she will commit
other crimes, AND **AS GROUNDS THEREFOR**, states as follows:

1.    Counsel for Ms. Green has consulted jointly with AUSA Martha Paluch and
AUSA Bryan Fields as to this motion. They have informed counsel that the Government
does not object to the relief sought herein or the timing of the filing of this motion.

2.    Ms. Green is scheduled to be sentenced on April 11, 2018.  Pursuant to
*D.C.COLO.LCrR* 32.1(c), a defendant may file sentencing motions within 14 days of

sentencing, or in this case, by March 28, 2018[1]

3. The initial Presentence Report concluded Ms. Green had five criminal history points which placed her in Criminal History Category III. (Doc. 244, filed 12/15/17, pp. 10-11). This coincided with the parties' assessment of criminal history points as stated in their plea agreement. (Document 178, filed 10/17/17, p. 12, ¶ H).

4. The Addendum to the Presentence Report and Revised Presentence Report contain a significant change in Ms. Green's criminal history computation by the addition of four criminal history points, increasing her criminal history category from III to IV. (Docs. 288 Filed 01/09/18 and Doc. 289, at A-3). The Addendum states at A-3:

> An additional criminal history point was added to Paragraph 53, as records reflect the defendant served a total of 132 days in jail in Case No. XNWLA05703201. Additionally, records from the State of California reflected a conviction for Loiter with Intent to Commit

---

[1] This motion is not a supplement to her Motion for Variance and Sentencing Statement (Doc. 290, filed January 9, 2018) which the Court ordered filed by February 16, 2018 (Doc. 295, filed January 10, 2018), but a Motion for Departure from the Sentencing Guidelines based on inadequacy of criminal history. The grounds for this motion were not available when she filed her Motion for Variance and Sentencing Statement, as the addendum and revised presentence reports which increased Ms. Green's criminal history points from 5 to 9 were not filed until 17 hours after she filed her motion. Ms. Green did not file a supplement to her variance motion, which remains pending. She interprets the Court's order (Doc. 295) containing a deadline of February 16, 2018 to file a Supplement to her Motion for Variance and Sentencing Statement to apply only to that motion. She submits that the within Motion for Departure under the sentencing guidelines is timely under *D.C.COLO.LCrR* 32.1(c) which provides that sentencing motions may be filed within 14 days of sentencing. If the Court views her interpretation as incorrect or hyper-technical, she requests the Court to accept the motion for good cause to preserve Ms. Green's substantial rights and the fairness, integrity, and public reputation of judicial proceedings. See also, Fed. R.Crim. P. Rule 32(b)(2), granting the Court authority to change any time limits contained in the rule as to sentencing and Rule 32 (i) (1) (D) providing the Court may, for good cause, allow a party to make a new objection at any time before sentence is imposed.

Prostitution, Case No. 6HY02220, in 2006 (Paragraph 52). This conviction was unaccounted for in the initial disclosure of the PSR. As a result, another criminal history point has been assessed to the defendant's total criminal history score. Two additional points have been added since the defendant was under supervision in Superior Court of California, Case No. XNWLA05703201, at the time she committed the instant offense. Subsequently, with the additional four criminal history points, the defendant's criminal history category has increased to IV. The referenced documents have been attached to the addendum for the Court's review.

5. The revised Presentence Report (Doc. 288 at p. 11, ¶ 52) states that the previously omitted charge and conviction is for loitering with intent to commit prostitution, a misdemeanor, committed on July 29, 2006, in violation of California Penal Code 653.22 (a). Ms. Green pleaded guilty on July 31, 2006 and was immediately sentenced to 24 months probation, a condition of which was that she serve 15 days in jail.  The jail sentence was suspended if she performed 15 days of "Caltrans" (apparently a program or project of the California Department of Transportation) (Doc. 289-2 at 40 – 45).  Probation assigned her one point for this conviction, pursuant to 4A1.1(c)[2]   In September 2006, a probation violation complaint was filed for failure to take a blood test and participate in the "CALTRANS" program.  She appeared with

---

[2] U.S.S.G § 4A1.2 (c) (2) states, "Sentences for the following prior offenses and offenses similar to them, by whatever name they are known, are never counted: **…Loitering".** If she had been convicted of prostitution instead of loitering, one criminal history point would be applied as the sentence was more than one-year probation. While this point appears to have been assessed in error, it doesn't affect her criminal history category because the addition of three other points in the revised presentence report, would render Ms. Green's total points 8, which would still place her in Category IV.

counsel and her probation was revoked. She was ordered to appear again on October 10, 2006. She failed to appear that day, and a bench warrant was issued for her arrest. (Doc. 289-2 at 48-51).  A year later, in October 2007, when she was arrested for robbery, the bench warrant was executed in this case.  On December 13, 2017, after pleading guilty to the robbery charge, she pleaded guilty in this case to the probation violation. Probation was terminated and credit for time served was awarded in the robbery case. (Doc. 289-2, at 55-62.)

6.  The revised presentence report added an additional criminal history point for Ms. Green's California robbery conviction based on records reflecting the defendant served a total of 132 days in jail in the case. (Doc. 288 at 11, ¶ 53.) It then added two more points because the court docket records show Ms. Green was under supervision of the Probation Department in the robbery case at the time of the instant offense. (Probation in the robbery case was reinstated on 2/4/2011).

7.  Assuming the Court finds Ms. Green's criminal history category is IV, she requests the Court grant a departure pursuant to U.S.S.G. 4A1.3(b) on the grounds that Category IV overrepresents the seriousness of Ms. Green's overall conduct and the risk she will commit additional crimes. She submits her overall criminal conduct and risk is more representative of a Category III.

8.  In recognition that "the criminal history score is unlikely to take into account all the variations in the seriousness of criminal history that may occur," USSG §4A1.3 provides for downward departures based on the inadequacy of the otherwise applicable

4

criminal history category.  (USSC §4A1.3, comment. (backg'd.); *See also* USSG §5H1.8. (Criminal History (Policy Statement)).

9.  In determining whether to grant such a departure, the Court can consider historical facts of Ms. Green's criminal history, including her age when she committed the offenses; the proximity in time of convictions; and the state's assessment of the seriousness of defendant's crimes as reflected by the state courts' handling of the sentencing.

10.  Ms. Green is now 35 years old. She had no criminal history as a juvenile. Her first offense was for shoplifting at age 18, for which she received probation. The bulk of Ms. Green's criminal history points reflect offenses committed between 10 and 15 years ago, when she was in her 20's. Her last offense was committed in 2011 at age 29. While she has accumulated three felonies (not including the instant offense) none were violent.  Several of her arrests and convictions are for minor offenses such as shoplifting, loitering and disorderly conduct.  Some sentences imposed for a probation violation appear to overlap. Other probation violation sentences were based on factors other than new criminal conduct, such as disputed fees and costs or failure to take a blood test or participate in a state-sponsored program. To recap:

a. Two points were assigned for a felony theft offense committed in 2003 in Arizona at age 21. She was initially sentenced to three years' probation.  Following a probation revocation for this offense in June 2008, which appears related to her robbery arrest, she was resentenced to one (1) year prison. Her sentence reportedly began on January 27,

2008 and ended on December 5, 2008. (Doc. 288, at 10, ¶ 51.)

     b.  One point was assessed for a loitering conviction committed in 2006 when she was 24.

     c.  Two points were assessed for a felony robbery offense committed in October 2007 in California, at age 25.  She was placed on probation for three years, a condition of which was that she serve 270 days in the county jail (suspended). She was given credit for 105 days (71 days served, 34 days good time).  The initial presentence report assigned one criminal history point for this conviction. The revised presentence report assigns two criminal history points for this conviction because she served 132 days in jail.  (Doc. 288, p. 12-13, ¶ 53.) According to Exhibit "B" to the Addendum to presentence report (Doc. 289-2 at pps. 25- 29), her probation was revoked on June 24, 2008 for failure to report and appear in court.  In December 2008, she pleaded guilty to the violation and probation was reinstated for three years. As a condition of probation, she also sentenced to twenty-seven (27) days jail with credit for twenty-seven (27) days previously served. The 105 days served on the initial sentence and 27 days served on the probation violation violation equal 132 days.

     Ms. Green's probation on the robbery conviction was revoked again on November 9, 2010 over a disagreement with probation as to how much she owed in probation fees. She was allowed to remain at liberty pending the resolution.  Probation was reinstated in February 2011 when the dispute was resolved, apparently in her favor as probation fees were waived. (Doc.  289-2 at 30-38). The revocation and

reinstatement of probation for this violation overlap with the period of the conspiracy she pleaded guilty to in this case. The Superseding Indictment charges the conspiracy lasted from August 2010 to October 2012. (Doc. 131, filed 04/11/17). The parties agreed in their plea agreement that the date on which Ms. Green's relevant conduct began was in August 2010 and continued to October 2012. (Doc. 178, filed 10/17/17 at p. 8.)

     d.  One point was assigned for a disorderly conduct (prostitution related) conviction committed on January 26, 2008 when she was 26.

     e.  One point was assigned for a felony marijuana possession offense committed in 2011 when she was 29.  She had been hired as a driver to transport 300 pounds of marijuana and was arrested during a traffic stop. She pleaded guilty in 2013 and was sentenced to three years of probation which she successfully completed.  Other than the instant offense for conduct ending in 2012, for which she was arrested in 2017, she has remained arrest-free since the 2011 marijuana offense, a period of 7 years.

     11. Most if not all of Ms. Green's prior criminal conduct, as well as that in the instant case, appears to be the product of financial need rather than greed. Her ill-gotten funds were used for subsistence and living expenses for her and her children. This is considerably different from most financial crimes, particularly fraud, which are committed either out of greed or strictly for monetary gain. The state courts' multiple imposition of initial probationary sentences for almost all her offenses show that the sentencing courts recognized this and did not view her conduct as particularly egregious

or believe that she represented a danger to society.

12.  The absence of new criminal conduct since the conclusion of the conspiracy in this case in 2012, a period of five and a half years, is indicative that Ms.  Green became determined to change her life and does not pose a significant recidivism risk. She also points out that her cessation of criminal activity was not related to being charged in this case, as she was not indicted until 2017, five years after the conspiracy ended.

13.  Ms. Green contends, and the Government agrees, that a Criminal History Category of IV over-represents the serious of her entire criminal history and her recidivism risk, and that a Criminal History Category of III is more appropriate. Pursuant to USSC 4A1.3(b), she thus requests the Court grant a departure under the sentencing guidelines of one criminal history category, from Category IV to Category III.

**WHEREFORE**, Ms. Green requests the Court to grant the relief sought herein, and any other relief the Court deems just and proper in the premises.

Respectfully submitted,

s/ Jeralyn E. Merritt
Jeralyn E. Merritt, Esq.
600 17th St Suite 2800-S
Denver, CO 80202
Telephone:   (303) 837-1837
Fax: (720) 904-9197
Email: jeralynm@gmail.com
Attorney for Marcelle Green

**CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify that on March 28, 2018, I electronically filed the foregoing **MOTION** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

I further certify that I have March 28, 2018, I served a copy of this motion on Ms. Marcell Green by electronic service.

s/ Jeralyn E. Merritt
Jeralyn E. Merritt