IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 16-cr-00054-WJM-04

UNITED STATES OF AMERICA,

      Plaintiff,

v.

**4. MARCELLE GREEN,**

      Defendant.

---

## NOTICE OF CONFERRAL REGARDING SENTENCING

---

      **COMES NOW** Defendant **Marcelle Green**, by and through her attorney, Jeralyn E. Merritt, and hereby submits the following Notice of Conferral Regarding Sentencing:

      1.  Ms. Marcelle Green is scheduled to be sentenced on April 11, 2018.

      2.  The parties agree that an appropriate sentence of incarceration for Ms. Green is 31 months imprisonment. They assert that Ms. Green's offense level is 23 rather than 25, as calculated by Probation. As stated in their plea agreement (Doc. 178, filed 10/17/17, at p.11, fn.1) the Government is not seeking a two-level enhancement under USSG §2B1.1(b)(2)(A)(i) because the offense involved more than 10 victims  since it did not seek such an enhancement for codefendants Carr and Diaz. As the Court did not apply this increase to either Ms. Carr or Ms. Diaz at sentencing, Ms. Green submits it would create a unfair sentencing disparity if the enhancement was applied to her.

      3.  The parties agree that a Criminal History Category of IV significantly over-represents Ms. Green's overall criminal history and that a downward departure of one

criminal history category, from Category IV to III is warranted pursuant to USSG § 4A1.3 (b).

4. The Court has previously ruled, without objection, that Ms. Green be permitted to surrender to the designated institution on June 1, 2018 for the multiple reasons stated in her first Unopposed Motion to Continue Sentencing (Docs. 277 and 275, filed 1/5/18). At her sentencing on April 11, 2018, Ms. Green will request that the Court recommend to the Bureau of Prisons that she be designated to the Bureau of Prison facility in Phoenix, AZ ("FCI Phoenix"). This is a particularly important issue for her because her three sons, one of whom is still in high school, reside in Phoenix. She will also request the Court to limit any separation order it might enter to exclude any co-defendant placed at FCI Phoenix, so as not to negatively affect the possibility of Ms. Green's placement in that facility. After conferral on this issue, the Government has advised it <u>cannot presently</u> agree to this request because it has some concerns about some negative feelings Ms. Carr and Ms. Diaz have recently expressed towards Ms. Green. Ms. Green does not harbor negative feelings towards either Ms. Carr or Ms. Diaz and does not believe there are any safety issues between her and her codefendants so as to warrant their placement in separate facilities. FCI Phoenix houses more than 1,300 inmates and she believes there is room for all three of them to be safely housed there.

5. Placement anywhere besides Phoenix would effectively isolate Ms. Green during her term of incarceration. Ms. Green is the only one of three female defendants

in this case who resides in Phoenix. Ms. Carr resides in Virginia and Ms. Diaz resides in

Colorado.  As mentioned, Ms. Green's three sons reside in Phoenix. The cost of

traveling to another state to visit Ms. Green would be prohibitive to her children, and

they do not have any other family to contribute to such travel.  Nor does Ms. Green

have other family members who would visit her in prison. Ms. Green has been her sons'

sole caretaker for all of their lives. The middle son is beginning college in Arizona in the

fall on a football scholarship. The youngest has a year of high school left and has no

place to live other than with one of his brothers while Ms. Green is incarcerated.  The

eldest son is graduating from pilot school in May and will be beginning a new job. It is

unlikely that her sons' schedules, even if they could afford travel, would permit more

than a once a year visit.

6.  Family visits are encouraged by the Bureau of Prisons especially with

children, to maintain the morale of the inmate and to develop closer relationships

between the inmate and family members or others in the community. See, DOJ

statement of former Deputy Attorney General Sally Yates on 4/26/16, accessible at

https://www.justice.gov/opa/pr/deputy-attorney-general-sally-q-yates-announces-family-

friendly-prison-policies-strengthen (last accessed on 3/28/18).

> While maintaining family relationships is important for all of us, it is
> particularly important for people in prison. Research has shown that inmates
> who maintain supportive relationships with family members have far better
> outcomes when they leave prison. They have a support network to help
> them overcome the myriad of challenges they will face when released, like
> finding a job and housing, fighting long time drug addictions and navigating
> a world that has probably changed a lot while they were in prison. Not only
> does a family structure provide essential support for those returning from

prison, it is the most powerful incentive not to get into trouble again. So assisting inmates in maintaining family relationships while they are in prison is not only good for the individuals returning from prison and their families, it's good for the community as well. Because recidivism reduction is crime prevention. Doing everything we can to equip inmates to be successful when they leave prison, including assisting them in maintaining family relationships, is one of the most important things we can do for the safety of our communities.

7.   Regarding the application of a minor role adjustment pursuant to USSG

USSG 3B.1.1: In their plea agreement, the parties agreed to disagree on whether Ms.

Green was entitled to a two-level minor role reduction. The initial presentence report

concluded Ms. Green was entitled to the reduction. The Government objected to the

application of the adjustment. (Document 266, filed 01/02/18.) The Court directed Ms.

Green to respond by January 15, 2018. Ms. Green's counsel was unexpectedly

hospitalized for five days due to pneumonia on January 15, 2018, and neglected to file a

response. Ms. Green is prepared to abandon her request for a minor role adjustment in

the event the Court imposes a sentence as recommended by the Government of 31

months. In the event the Court intends to impose a greater sentence, Ms. Green

reserves the right to orally argue for a minor role adjustment at sentencing.

8. Restitution: The parties have not reached a consensus on restitution.  Ms.

Green continues to maintain, as she asserted in her Objections to Presentence Report

Doc. 263, filed 12/29/17) that her restitution order should be significantly less than that

of her codefendants due to the significant disparity in the amount of financial proceeds

she received as compared to her codefendants ($25,000 out of more than $400,000

disbursed).   She also continues to maintain that the restitution order should not be

made payable in full immediately, but in monthly payments of 10% of her income commencing upon her release from prison.  A joint and several restitution order holding Ms. Green responsible for the full amount would place Ms. Green in a financial situation from which she will be unable to ever gain financial independence.

Dated: March 28, 2018.

Respectfully submitted,

s/ Jeralyn E. Merritt
Jeralyn E. Merritt, Esq.
600 17th St Suite 2800-S
Denver, CO 80202
Telephone:   (303) 837-1837
Fax: (720) 904-9197
Email: jeralynm@gmail.com
Attorney for Marcelle Green

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on March 28, 2018, I electronically filed the foregoing **Notice** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

AUSA Martha Paluch, martha.paluch@usdoj.gov
AUSA Bryan Fields, bryan.fields3@usdoj.gov

and to all other counsel of record.

s/ Jeralyn E. Merritt
Jeralyn E. Merritt