IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 16-cr-0054-WJM-4

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

4.  **MARCELLE GREEN,**

        Defendant.

_____

**UNOPPOSED MOTION TO CONTINUE SENTENCING OR IN THE ALTERNATIVE, TO EXCLUDE CONSIDERATION OF RECENT FILINGS BY CODEFENDANT TRAMMEL THOMAS AT DEFENDANT GREEN'S SENTENCING**

_____

      **COMES NOW** Defendant **Marcelle Green** by and through counsel, Jeralyn E. Merritt, and hereby moves the Court to enter an Order continuing her sentencing hearing scheduled for 4/11/2018 at 10:00 a.m., or alternatively, excluding codefendant Trammel Thomas' multiple recent filings (and attachments thereto, including an affidavit by codefendant Heather Carr) from the court's consideration when determining an appropriate sentence for Ms. Green, **AND AS GROUNDS THEREFOR**, states as follows:

      1.  Counsel for Ms. Green has consulted with AUSA Martha Paluch and AUSA Bryan Fields as to this motion. AUSA Martha Paluch has informed counsel that the Government does not object to the relief sought herein or the timing of the filing of this motion. Ms. Green has been consulted and agrees with the relief sought herein.

      2.  Ms. Green was indicted on April 11, 2017, months after her codefendants. (Doc. 131). She agreed to plead guilty in advance of filing pretrial motions. She is

scheduled to be sentenced on April 11, 2018, exactly one year after she was indicted. There is no question she is going to prison. Both the Government and Ms. Green are requesting the Court to impose a 31-month sentence.

3. Ms. Green was a government witness at Mr. Thomas' jury trial. He was convicted and scheduled to be sentenced on April 12, 2018. On April 3, 2018, Mr. Thomas filed a Motion for New trial with several exhibits. (Docs. 358). The same day, the Government filed a Response to Objections to Thomas' Presentence Report (Doc. 357), and the Court continued his sentencing until August, stating it needed more time to review the file. (Doc. 359) The Court ordered the Government to respond to Thomas' motion for new trial by April 12, by which time Ms. Green will have been sentenced.

4. The thrust of Mr. Thomas's motion for new trial is that:

> Specifically, this Motion is premised upon the Government having withheld evidence from the defense, which was exculpatory, and which would have been important impeachment material with respect to the cross examination of prosecution witness Marcelle Green, who testified against Mr. Thomas at his November, 2017 trial. The withholding of this evidence denied Mr. Thomas his due process rights in and to a fair trial.

5. In essence, Mr. Thomas argues that the Government withheld information that convicted co-Defendant Carr (his former live-n partner and the mother of two of his children) provided him via a post-trial Affidavit that suggests he is being blamed for events and activities committed by Ms. Green. Thomas claims Ms. Carr raised these matters in a pre-trial cooperation debriefing but the Government did not believe her, and her lawyer terminated her proffer session. Thomas also claims the Government did not

provide an accurate report of this proffer session to the defense.  Ms. Carr was sentenced in January to 57 months and appealed her sentence. Just today, the 10th Circuit denied her appeal.

6.   Ms. Green resents that on the eve of her sentencing, co-defendant Thomas, who was scheduled to be sentenced the day after her sentencing, and who has every motive to lie in order to receive a lesser sentence, is colluding with his former girlfriend, and mother of his two children, Heather Carr, to make up stories about Ms. Green in an attempt to shift blame from Thomas to Green.   Carr, as the Court well knows, took a U-turn on her own plea agreement promise to cooperate and testify against Thomas, leaving Ms. Green to be the only member of the conspiracy to testify against Thomas. Green was called to the stand a day early, during time that had been set aside to consult with her lawyer about her testimony. As a result of Carr being a no-show at Thomas' trial, Ms. Green  testified "blind", without the benefit of being advised by counsel as to issues that could arise on cross-examination, such as her prior criminal history and the contents of her plea agreement.

7.  Ms. Green does not have standing to directly respond to Mr. Thomas' Sentencing Statement, Motion for Variance or Motion for New Trial, or to Ms. Carr's affidavits submitted with Thomas' motions. But she does have a right to address new and false accusations made against her by codefendants on the eve of her sentencing that could affect the Court's sentencing decision. She also has the right to be sentenced on accurate information.

8. Mr. Thomas filed his Motion for New Trial, with several attachments, including an affidavit from Heather Carr in which, among other things, Ms. Carr attributes activities to Ms. Green she previously attributed to Mr. Thomas. The attachments to his sentencing motions also include Ms. Carr's prior proffers (at least one of which is a selective submission of 2 of 12 pages) and a partial transcript of Ms. Green's testimony at Thomas's trial.

9. There is insufficient time between now and Ms. Green's sentencing date of April 11, 2018 for counsel to investigate these new allegations, discuss them with Ms. Green, review the mountain of discovery yet again, and gather independent documentation evidencing the falsity of Thomas' and Carr's new allegations.  Ms. Green works full time in Arizona and counsel and her investigator are in Denver. They are mostly limited to review and discussion of documents with each other by telephone in the evenings or on weekends.

10. Mr. Thomas had every opportunity at trial to cross-examine Ms. Green about any aspect of her testimony. He made a calculated and strategic decision not to question Ms. Green on the matters he and Carr now raise: Who drove the Charger in Arizona – Thomas or Green? Did Green have a pink laptop? Was the bag with dozens of credit cards found in the Dodge the night Thomas was stopped in Green's possession earlier that night, or ever?  Was Carr's suspicion correct that Green and Thomas were having an affair behind her back? Thomas didn't ask these questions when cross-examining Green because he knew Ms. Green's negative answers would

not help his case. Thomas is essentially now asking for a second bite of the apple, in a one -party proceeding between him and the court, supplemented by affidavits of those convicted of participating in the very scheme he is about to be sentenced for, which will take place after Ms. Green is incarcerated, depriving her of a fair opportunity to respond.

      11. Ms. Green requests that the Court either continue her sentencing to allow her and her counsel sufficient time to gather documentation and evidence for the Court's consideration at her sentencing to refute this last-ditch attempt by Thomas and Carr to shift blame away from themselves and onto Ms. Green, or alternatively, enter an Order stating the Court will not consider any information received from Mr. Thomas (or provided to Thomas by Ms. Carr or Ms. Diaz after Thomas' trial) at Ms. Green's sentencing.

      **WHEREFORE**, Ms. Green requests the Court to grant the relief sought herein, and any other relief the Court deems just and proper in the premises.

Respectfully submitted,

s/ Jeralyn E. Merritt
Jeralyn E. Merritt, Esq.
600 17th St Suite 2800-S
Denver, CO 80202
Telephone:   (303) 837-1837
Fax: (720) 904-9197
Email: jeralynm@gmail.com
Attorney for Marcelle Green

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on April 6, 2018, I electronically filed the foregoing **MOTION** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

I further certify that I have April 6, 2018, I served a copy of this motion on Ms. Marcell Green by electronic service.

s/ Jeralyn E. Merritt
Jeralyn E. Merritt
