IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 16-cr-0054-WJM-4

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

4. **MARCELLE GREEN,**

    Defendant.

_____

**AMENDED MOTION TO EXTEND SURRENDER DATE (Doc. # 416)**
_____

**COMES NOW** Defendant **Marcelle Green** by and through counsel, Jeralyn E. Merritt, and hereby moves this Court for the entry of an Order extending the surrender date to her designated institution from June 1, 2018 to July 13, 2018, **AND AS GROUNDS THEREFOR**, states as follows:[1]

1. Counsel for Ms. Green has consulted with AUSA Martha Paluch and AUSA Bryan Fields as to this motion. AUSA Martha Paluch informed counsel that the Government takes no position the instant motion.

2. Ms. Green is scheduled to surrender to the FCI Victorville Medium II Satellite Prison Camp (SPC) in Victorville, California on June 1, 2018 to being serving her 31-month sentence in this case. (Doc. # 401, 5/3/18, Doc. # 385, 4/14/18).

---

[1] This motion is Amended only to include Exhibit "A" which was inadvertently not filed with the original motion.

1

3. Ms. Green has proceeded expeditiously throughout this case. Although the case was initially indicted in February 2016 (Doc. # 1), Ms. Green was not charged until more than a year later, when a Superseding Indictment was returned on April 11, 2017. (Doc. # 131). From Indictment through sentencing on April 11, 2018 on this complex case, Ms. Green's involvement lasted exactly one year. (Doc. # 385). By contrast, her codefendants' cases took almost two years or more to resolve. Codefendants Carr and Diaz were indicted in February 2016 and sentenced in January 2018. (Docs. # 313, 311). Codefendant Trammel was indicted in February 2016 and has yet to be sentenced.

4. Notwithstanding the voluminous discovery and complexity of the case, Ms. Green resolved her case in September 2017, prior to the filing of pretrial motions. (Doc. 167, 9/12/17). She entered her guilty plea in October 2017, at which time her sentencing was set for January 18, 2018. (Doc. 180, 10/17/17). In early January 2018, Ms. Green requested the Court to continue her sentencing date, or alternatively her voluntary surrender date, until June 1, 2018, so that she could attend her eldest son's college graduation and her middle son's high school graduation. (Doc. # 275, 1/4/18, at 2-3, ¶ ¶ 8-12). The Court declined to continue the sentencing but agreed to defer her surrender date until June 1, 2018. (Doc. # 277). Days later, at the request of counsel for Ms. Green, and for reasons unrelated to Ms. Green, the Court continued her sentencing until April 11, 2018, at which time she was in fact sentenced. (Doc. # 290, 1/9/18; # 295, 1/10/18 and # 385). Her surrender date remained June 1, 2018, which was approximately six weeks after sentencing.

5. Ms. Green has three sons, two of whom are under the age of 18. Neither of the younger sons have fathers or relatives to care for them during her incarceration. In January 2018 when she requested her sentencing and/or surrender date be continued, she informed the Court that her oldest son had accepted a local employment offer upon graduation which would allow him to get an apartment where all three children could reside (Doc. 275, at 3, ¶ 11):

> 11. If her sentencing is delayed until May 2018, Ms. Green 's oldest son, who immediately starts his pilot's job upon graduation in late May, can get an apartment suitable to house all three brothers. The middle brother, who is graduating from high school in May, only requires a place to live for the summer, until he begins college. The youngest son can live with his oldest brother for his entire senior year, after which, he too hopefully will go on to college.

6. Unfortunately, as Ms. Green and her counsel informed the Court at the end of her sentencing hearing on April 11, 2018, circumstances regarding placement of her two youngest children had changed significantly since January 2018.

7. As Ms. Green informed the Court at sentencing, her eldest son had recently received a job offer in Texas which was more suited to his career goals. He has accepted the offer and his new job begins the first week in June, 2018. Thus, he is unable to provide housing or care for her younger sons as planned. Ms. Green also informed the Court that her efforts to date to find a relative or a family of one her sons' friends to take in either of her two younger children had been unsuccessful.

8. While her middle son, Saevon, age 17, only needs placement until the fall when he begins college, her youngest son, Roderick Smith, age 16, has a year of high school

remaining. Ms. Green further informed the Court at sentencing that she had been able to extend her lease and arrange for a good friend to request a job transfer from Las Vegas to Phoenix, take over her apartment, and allow her sons to live with her, but that the friend could not arrive until sometime in mid-July 2018.

9. Ms. Green informed the Court of these matters at sentencing only to provide the Court with notice that in the event she was unable to place her children as of June 1, 2018, she would be requesting an extension of her surrender date until mid-July 2018. The Court articulated its unfavorable view of such a motion.

10. Ms. Green understands the Court's unfavorable view of this request as stated at her sentencing. However, she believes she has no viable option other than to seek a six-week delay of her surrender until July 12, 2018. She submits her request is not unreasonable and that the resulting harm to her children if this motion is denied outweighs both the interest of judicial economy and the interest of the public in speedy dispositions. Attached hereto as Exhibit "A" is a copy of a signed letter from her friend, Tiffany Diehl, confirming the arrangement and her inability to move to Arizona earlier than July 11, 2018. The letter includes Ms. Diehl's phone number.

11. Ms. Green's middle son, Saevon, will not turn 18 until mid- July 2018. He is still a minor. If he cannot participate in football practice this summer, he will lose his scholarship to college in the fall.  It would be cruel to force him into the custody of social services and a foster home or juvenile facility because he has no relatives or friends to care for him between June 1 and July 12, 2018.  Similarly, it would be unfair to force her

youngest son, Roderick, age 16, into the custody of social services and a foster home or juvenile facility when he could remain in the apartment he currently lives in and attend and graduate from his current school, to which he is well-adjusted, when a willing adult has agreed to take care of him. [2] The upheaval to his life will be great enough losing the only parent he has known, especially now that she has been re-designated from a facility in Phoenix to one in California, eliminating the prospect of anything but an occasional visit over the next two and half years. To also take away his school and his friends, the only remaining stable influences in his life, and render him a ward of the state, solely because his mother cannot surrender six weeks later than currently ordered, is unjust and will not serve any legitimate interest.

12.   This request is not for purposes of delay. Ms. Green cannot pay the rent on her apartment for June 2018, if she is not working. If she must surrender the premises on June 1, 2018, her apartment will be gone, and her children will be homeless.

13. Ms. Green was sentenced on April 11, 2018.  (Doc. 385). After an initial designation to the federal prison in Phoenix, as recommended by the Court, on May 2, 2018, BOP re-designated her to the prison camp at Victorville II, in California.  A delayed surrender date of July 12, 2018 is approximately 90 days from sentencing and 70 days

---

2  Ms. Greene's middle son will come into an insurance settlement for the traffic death of his father when he turns 18 in July 2018. These funds will be controlled by his guardian (Ms. Green, assuming she is able to attend court and sign the papers prior to her entry into prison) until he is 21. These funds can be used for the children's living expenses while she is in prison. Thus, it is not the case that regardless of her surrender date, her children will end up in social services.

5

from the date of re-designation to Victorville. Ms. Green respectfully submits this is not an unreasonable request, particularly considering her changed circumstances.

14.  Ms. Green further submits that granting this request would be consistent with the Court's granting of a similar request to a codefendant in this case.  Mercedes Diaz pleaded guilty on October 7, 2016 (Transcript of Guilty Plea Hearing, Doc. 84-1, 11/10/16). In January 2018, citing Ms. Green's request made days earlier and social science studies about infants, Ms. Diaz requested an 8-month surrender delay after sentencing so that she could bond with her then 5 ½ month old child until the child was 12 months old.  (Diaz' Notice of Conferral, Doc.  # 293, at 3-5, 1/10/18).  Ms. Diaz was sentenced on January 14, 2018 and the Court granted her an 8-month delay of surrender until August 15, 2018. (Doc. 311).

15.  Ms. Green submits that her circumstances are equally if not direr than those of Ms. Diaz, who at least had an available custodian to care for her child if her request for delayed surrender was denied. Ms. Green's children face eviction and becoming wards of the state if this request is denied. Ms. Green requests the Court to consider the needs of her children and grant the relief requested.

**WHEREFORE**, Ms. Green requests the Court to grant the relief sought herein, and any other relief the Court deems just and proper in the premises.

Respectfully submitted,

s/ Jeralyn E. Merritt
Jeralyn E. Merritt, Esq.
600 17th St Suite 2800-S
Denver, CO 80202
Telephone:   (303) 837-1837
Fax: (720) 904-9197
Email: jeralynm@gmail.com
Attorney for Marcelle Green

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on May 25, 2018, I electronically filed the foregoing **MOTION** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses of:

AUSA Martha Paluch, martha.paluch@usdoj.gov
AUSA Bryan Fields, bryan.fields3@usdoj.gov

and all counsel of record.

I further certify that I have May 25, 2018, I served a copy of this motion on Marcelle Green by electronic service.

s/ Jeralyn E. Merritt
 Jeralyn E. Merritt